| | |
|---|---|
| MICHAEL A. JACOBS (CA SBN 111664) | CHARLES H. JUNG (CA SBN 217909) |
| mjacobs@mofo.com | charles@njfirm.com |
| RICHARD S.J. HUNG (CA SBN 197425) | KENNETH M. WALCZAK (CA SBN 247389) |
| rhung@mofo.com | ken@njfirm.com |
| MORRISON & FOERSTER LLP | NASSIRI & JUNG LLP |
| 425 Market Street | 47 Kearny Street, Suite 700 |
| San Francisco, California  94105-2482 | San Francisco, California 94108 |
| Telephone:     (415) 268-7000 | Telephone:     (415) 762-3100 |
| Facsimile:      (415)268-7522 | Facsimile:      (415) 534-3200 |

Attorneys for Plaintiff AUTODESK, INC.          Attorneys for Defendant GLOBAL FORCE
                                                DIRECT, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| AUTODESK, INC., | Case No.    14-cv-1409-EDL |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| ZWCAD SOFTWARE CO., LTD. et al., | |
| Defendants. | |

1    Plaintiff Autodesk, Inc. ("Autodesk") and Defendant Global Force Direct, LLC ("Global

2    Force Direct") jointly submit this Joint Case Management Statement and Proposed Order in

3    accordance with the July 1, 2011 Standing Order for All Judges of the Northern District of

4    California and Civil Local Rule 16-9.

5    1.    **JURISDICTION & SERVICE**

6    *Autodesk's statement*:  This Court has subject matter jurisdiction over Autodesk's

7    copyright and trade secret misappropriation claims under 28 U.S.C. §§ 1331, 1338(a),(b), and

8    1367(a).  The Court also has diversity jurisdiction under 28 U.S.C. § 1332, as the amount in

9    controversy exceeds $75,000.00.

10    Global Force Direct (aka "ZWCADUSA"):  Defendant Global Force Direct was served on

11    April 16, 2014.  Global Force Direct admits that it does business as "ZwcadUSA."[1]  ZwcadUSA

12    has "exclusive [m]aster [d]istributor rights to market and sell ZWCAD products across the U.S.

13    and Canada."[2]  Via its website, www.zwcadusa.com, ZwcadUSA enables individuals to

14    download and purchase the infringing "ZWCAD+" software in this case in this District.[3]

15    ZwcadUSA employees have direct knowledge of facts that are relevant to this litigation.

16    For example, in a July 10, 2012 press release, ZwcadUSA claimed that the infringing ZWCAD+

17    software was "*[w]ritten from scratch,* with a *completely new core* (kernel) at its heart" and was

18    "*over two years under development*."[4]  Moreover, ZwcadUSA readily admits that "it distributes

19    [the accused] ZWCAD+ products in the United States."[5]

20    Accordingly, discovery from ZwcadUSA – itself a direct and "primary" infringer under

21    17 U.S.C. § 501 – need not await service on the other defendants.  ZwcadUSA's suggestion that it

22

23    [1] *See* Answer (Dkt. No. 22) at ¶ 4 ("Global Force Direct admits that it does business as 'ZwcadUSA.'"); *see also* http://www.globalforcedirect.com ("* *Also doing business as 'ZWCADUSA'*")).

24    [2] "ZWCAD Launches Distribution Channel in USA, Canada Markets," dated Apr. 29, 2010 (available at http://www.zwsoft.com/about/press-center/press-releases/20100429/Tenlinks-ZWCAD-Launches-Distribution-Channel-in-USA-Canada-Markets.html).

25    [3] *See, e.g.,* http://www.zwcadusa.com/download-zwcad-2014.html ("Download ZWCAD+ 2014");

26    http://www.zwcadusa.com/store/p18/ZWCAD__2014.html ("ZWCAD+ 2014 . . . $799.00-$1,749.00 . . . Add to Cart").

27    [4] "New Core. New Possibilities. ZWCAD USA Announces ZWCAD+," dated July 10, 2012 (available at http://www.prweb.com/releases/ZWCAD_Annouces_ZWCADPlus/AutoCAD_Alternative/prweb9680795.htm) (emphasis added).

28    [5] Answer at ¶ 4.

1  cannot infringe, as it allegedly did not know that its acts constituted copyright infringement,

2  contradicts the plain language of the Copyright Act and ignores that copyright infringement is a

3  strict liability tort.[6]

4        Also incorrect is ZwcadUSA's contention that discovery from the other defendants is

5  necessary to demonstrate ZwcadUSA's infringement.  As the multiple examples of copying in the

6  Complaint (and discussed below) confirm, ZWCAD+ *is* an infringing product.  The ZWCAD+

7  software contains **copied warning messages**, **copied text files**, and even **copied typographical**

8  **errors** – in addition to copied functionality at the source code level.  It therefore is untrue that

9  Autodesk cannot demonstrate that ZwcadUSA -- the exclusive North American distributor for

10  ZWCAD+ -- is an infringer without the active participation of the other defendants.

11        By distributing the infringing ZWCAD+ product, Global Force Direct/ZwcadUSA is an

12  infringer.  Moreover, its infringing distribution of ZWCAD+ continues to this day and is

13  ongoing.[7]  There thus is no reason to delay discovery from it, pending service on the other

14  defendants (expected to occur within the next one to three months).  Discovery now will allow

15  Autodesk to determine the extent of ZwcadUSA's infringing sales.  It also will allow Autodesk to

16  assess the merits of ZwcadUSA's twenty-one defenses, including "license," "fair use," and

17  "innocent infringement."  (Dkt. No. 22 at 9-11.)  Finally, to the extent that ZwcadUSA intends to

18  challenge personal jurisdiction, discovery will allow Autodesk to demonstrate that ZwcadUSA's

19  activities as the "exclusive" and "master" ZWCAD+ distributor are directed to this District.

20        ZWSOFT:  Defendants ZWCAD Software Co., Ltd. and ZWCAD Design Co., Ltd.

21  (collectively, "ZWSOFT" or the "ZWSOFT defendants") are located in Guangzhou, China and

22  are being served via the Hague Convention.  The Chinese Central Authority received Autodesk's

23  service packets for ZWSOFT on April 23, 2014, and the Chinese Supreme People's Court

24  received the service packets from the Central Authority on approximately May 4, 2014.

25  Autodesk is awaiting the Chinese Supreme Court's forwarding of the service packets to the

26

27  [6] *See, e.g.,* 17 U.S.C. § 106 ("[O]wner of copyright . . . has the exclusive rights . . . to reproduce the copyrighted work [and] prepare derivative works . . . ."); 17 U.S.C. § 504(c) (discussing availability of statutory damages even where "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright").

28  [7] *See* fn. 3, *supra.*

1   pertinent local court to effect service on ZWSOFT.  Autodesk expects service to be completed

2   within the next one to three months.

3        On May 5, 2014, Autodesk sent courtesy copies of the Complaint to ZWSOFT

4   representatives.  On May 20, 2014, Autodesk also asked that ZWSOFT waive service.  ZWSOFT

5   has not responded to Autodesk's request.

6        ***Global Force Direct's statement***:

7        <u>**A Stay of Discovery Is Warranted Pending Service on ZWSOFT**</u>

8        Without the participation of ZWCAD, discovery will get the parties no closer to

9   determining the truth, or lack thereof, behind Autodesk's allegations.

10       Global Force Direct's request for a stay is not about innocent infringement or lack of

11  requisite *scienter*.  In the absence of ZWCAD, Autodesk cannot demonstrate any infringement at

12  all.  Without an infringing product, there is no liability (strict or otherwise) under the Copyright

13  Act.

14       The specific allegations in Autodesk's Complaint all rest on similarities between

15  Autodesk's source code and ZWCAD's source code.  According to Autodesk, these similarities

16  demonstrate that source code was copied.  If no copying occurred (or if any copying was not a

17  violation of Autodesk's copyright—because it was, *e.g.*, authorized, *de minimis*, and/or covered

18  by the doctrine of fair use), then Global Force Direct is not liable.  But Global Force Direct lacks

19  access to, and knowledge of, Autodesk or ZWCAD source code.  It never had access to, or

20  knowledge of, Autodesk or ZWCAD source code.  Therefore discovery against Global Force

21  Direct will not reveal anything about whether copying occurred.

22       The inefficiency of proceeding without ZWCAD is evident from Autodesk's statement

23  above, which relies on marketing materials from zwsoft.com and press releases circulated by

24  Global Force Direct describing ZWSOFT's products.  Such descriptions are not direct evidence

25  of source code copying.  Likewise, the similarities that Autodesk details in the next section, and

26  describes here as "examples of copying," are not proof of infringement but alleged symptoms of

27  source code copying, none of which Global Force Direct can confirm or refute.

28

1    Autodesk concedes that it may be a matter of months before ZWCAD is properly served,

2    and that it would be fruitless to attempt any resolution of this case without ZWCAD in the room.

3    For this reason, the Court's ADR Desk put off any further ADR proceedings until September 15,

4    2014.  *See* Non-Docket Order, 6/16/14.  It would be similarly inefficient and wasteful to subject

5    Global Force Direct to written discovery and depositions over during that time, and to expend the

6    Court's time resolving discovery disputes and ruling on motions, all in the absence of direct

7    evidence from the party or parties who allegedly copied the source code.  *Cf.* Fed. R. Civ. P. 1

8    (rules governing the procedure in civil actions "should be construed to secure the just, speedy,

9    and inexpensive determination of every action and proceeding").

10   **Other Jurisdiction Issues**

11   Global Force Direct does not contest the Court's subject matter jurisdiction.  Global Force

12   Direct does not waive its right to seek a transfer including under 28 U.S.C. § 1404 and/or stay of

13   proceedings in this Court, to allow resolution of Autodesk's claims and allegations in another

14   forum.  For example, court proceedings commenced or revived in China or in the Netherlands

15   may provide a more suitable forum for resolving these allegations between these parties.

16   Moreover, Global Force Direct disputes that Autodesk has demonstrated the existence of

17   minimum contacts with the forum sufficient for this Court to assert personal jurisdiction over

18   Global Force Direct.

19   **2.       BRIEF SUMMARY OF THE FACTS**

20   ***Autodesk's statement***:  This is an action for copyright infringement and trade secret

21   misappropriation.  Autodesk is a pioneer and worldwide leader in digital design technologies.

22   Founded in 1982, the company is well-known for its leadership and innovation in the field of

23   computer-aided design ("CAD") software.  Companies around the globe use Autodesk's CAD

24   software to create digital models and workflows that allow visualization, simulation, and analysis

25   of designs before implementation.

26   Autodesk introduced its flagship product, the AutoCAD® program, in 1982.  Since

27   AutoCAD's initial release, Autodesk has continually developed and enhanced the product.  Over

28   the past two-and-a-half decades, Autodesk has invested hundreds of millions of dollars in

1    research and development to improve and enlarge the functionality of its software products,

2    address emerging needs in the marketplace, and provide customers with state-of-the-art design

3    technology.  AutoCAD has been the cornerstone of Autodesk's innovation and growth since its

4    introduction, serving both as Autodesk's most critical product by revenues and the platform that

5    underpins all of its design product offerings.  Over one hundred registered U.S. copyrights cover

6    AutoCAD, including Registration Nos. TX0006576172, TX0006586280, and TX0006589381.

7         ZWSOFT and its U.S. distributor, Global Force Direct/ZwcadUSA, are infringing upon

8    and have misappropriated the valuable copyrights and trade secrets in AutoCAD via their sale and

9    distribution of competing CAD products.  ZWSOFT released its first CAD product, ZWCAD 1.0,

10   in 2002.  ZWSOFT's approach has long been to mimic AutoCAD as closely as possible, rather

11   than competing via innovation.  Both ZWSOFT and ZwcadUSA have emphasized this strategy of

12   imitation in their marketing materials.  For example, in an April 28, 2010 press release,

13   ZwcadUSA claimed that "most Auto[CAD] users can easily transition to ZWCAD and become

14   productive in less than a day."  In another press release dated December 3, 2010, ZwcadUSA

15   alleged that "ZWCAD gives [users] the closest Auto[CAD] user experience."  ZWSOFT's

16   product brochures for ZWCAD 2012 contend that "ZWCAD offers a working environment

17   almost identical to AutoCAD."

18        In 2012, ZWSOFT revealed a "new" direction for ZWCAD.  Rather than basing its

19   product on the "IntelliCAD" CAD platform, ZWSOFT announced that it would transitioning to

20   an entirely new, internally designed codebase called "ZWCAD+."  Global Force

21   Direct/ZwcadUSA proclaimed that the new ZWCAD+ 2012 product was "[w]ritten from scratch,

22   with a completely new core (kernel) at its heart" and was "over two years under development."

23   Both ZWSOFT and ZwcadUSA trumpeted the product's close similarities to AutoCAD.

24   ZWSOFT's website, for example, boasted that ZWCAD+ responds identically to AutoCAD

25   commands.  ZwcadUSA's website also described ZWCAD+ as "[t]he [a]lternative that [o]ffers

26   the [c]losest AutoCAD [e]xperience."

27        The "new" ZWCAD+ product, however, displays precise idiosyncrasies and even now-

28   corrected "bugs" that were once found in AutoCAD.  As discussed in Autodesk's complaint,

1   examples of errors or features that inexplicably appear in both ZWCAD+ and prior AutoCAD

2   versions include:  (1) identical HATCH command errors; (2) identical TRIM command errors;

3   (3) identical FILLET command error; (4) an identical "Plot in background" message; (5) identical

4   errors in error messages; (6) identical support of esoteric and undocumented commands; and

5   (7) copied files.

6          For example, AutoCAD 2008 displays a warning message below (on left) in response to a

7   "plot in background" request.  ZWCAD+ 2012 does the same, using identical text – *even though*

8   *the product does not support background plotting*:

9
10     
11
12
13
14

15          **AutoCAD 2008**                    **ZWCAD+ 2012**

16          As another example, both AutoCAD 2008 and ZWCAD+ 2012 mistakenly display a

17  hanging parenthesis in the LENGTHEN command prompt, *i.e.:* "**Specify total length or [Angle]**

18  **<1.000)>: [sic].**"  Still further examples include copied files for hatch patterns and tool catalogs

19  and a copied VBA application programming interface.

20          These and other features could not have been introduced without the wholesale copying of

21  significant portions of Autodesk's products and proprietary source code.  To stop this copyright

22  infringement and trade secret misappropriation, Autodesk initiated summary proceedings in the

23  Hague District Court in the Netherlands on February 18, 2014.  Autodesk also initiated these

24  proceedings before this Court on March 26, 2014.

25          After a hearing in the Dutch proceedings on March 17, 2014, the court issued a judgment

26  on April 7, 2014.  Although noting that "not every explanation [by ZWSOFT for the identified

27  similarities] is equally convincing" and that "the combination of these many aspects of similarity

28  between ZWCAD+ and AutoCAD raises questions," the court held that a provisional injunction

JOINT CASE MANAGEMENT STATEMENT
14-cv-1409-EDL
sf-3425563

1   could not be granted "without additional evidence being provided."  The Dutch court therefore

2   ordered ZWSOFT to "surrender [its] source code . . . of ZWCAD+ 2012 and ZWCAD+ 2014,"

3   "including the 'build and mastering scripts, third party binary components and libraries,'" to a

4   custodian in China.  On May 14, 2014, over ZWSOFT's objection, the Dutch court adopted

5   Autodesk's proposal of Alvarez & Marsal Consulting as the sequestrator for ZWSOFT's source

6   code.

7       Via its www.zwcadusa.com website, Global Force Direct/ZwcadUSA continues to

8   provide download links for and sell ZWCAD+ directly to consumers to this day.[8]

9       **Global Force Direct's statement:**

10      Global Force Direct is a Massachusetts corporation that sells licenses to download

11  software from third-party websites.  It does not sell or distribute executable programs, have any

12  access to or ability to modify executable programs, or have any access to or knowledge of source

13  code for any program.

14      Global Force Direct has never had knowledge of or access to ZWSOFT's "codebase."

15  Global Force Direct has not and does not provide input concerning ZWSOFT's source code

16  development or "direction."  Global Force Direct has no knowledge or information sufficient to

17  form a belief concerning the truth of any of Autodesk's remaining allegations.

18      Autodesk's recitation of the facts demonstrates that this action does not implicate Global

19  Force Direct.  Autodesk's detailed allegations of similarities in the source code point solely to

20  alleged acts or omissions by ZWCAD Software Co., Ltd., and/or ZWCAD Design Co., Ltd.

21  Without a stay of discovery, the existing parties will spend significant time and money while

22  getting no closer to the direct evidence of infringement or non-infringement held by ZWCAD.

23  **3.   LEGAL ISSUES**

24      **Autodesk's statement:**  Defendants have purposefully, actively, and voluntarily distributed

25  the ZWCAD+ line of products, which infringe upon AutoCAD's copyrights and were derived

26  without permission from Autodesk's proprietary source code, in the United States.  The legal

27

28
___
[8] *See* "ZWCAD+ 2014 $799.00 - $1,749.00" (available at
http://www.zwcadusa.com/store/p18/ZWCAD__2014.html) (including "Add to Cart"/"Checkout" functionality).

1  issues in dispute include:  (1) Defendants' copyright infringement under 17 U.S.C. § 501, *et seq.*;

2  (2) Defendants' trade secret misappropriation in violation of California Civil Code § 3426, *et*

3  *seq.*; and (3) the appropriate remedies for Defendants' conduct.

4          ***Global Force Direct's statement***:

5          Global Force Direct has not infringed any Autodesk copyright or misappropriated any

6  Autodesk trade secrets.

7          The legal issues in dispute also include (but may not be limited to): (1) Applicability of

8  the relevant statutes of limitation to bar Autodesk's claims; (2) Express or implied authorization

9  or license for any Defendant to do the copying and access alleged by Autodesk; (3) Autodesk's

10 ownership and valid or invalid registration of the copyrights at issue; (4) Whether the copyrights

11 Autodesk asserts apply to non-copyrightable methods of operation; (5) The doctrine of fair use;

12 (6) Waiver, estoppel, and/or laches; (7) Autodesk's unclean hands, bad faith, and/or failure to

13 mitigate; (8) The doctrines of *de minimis* use and/or innocent infringement.

14 **4.     MOTIONS**

15         ***Autodesk's statement***:  On June 6, 2014, Global Force Direct/ ZwcadUSA filed an

16 "Administrative Motion to Stay Discovery and Deadlines until Service Is Perfected" under Civil

17 Local Rule 7-11.  On June 13, 2014, the Court issued an Order Denying Defendant Global Force

18 Direct's Request to Stay on June 13, 2014.  (Dkt. No. 27)  In its Order, the Court indicated that it

19 would address issues relating to discovery, service, and jurisdiction at the case management

20 conference.

21         Autodesk may file a motion for summary judgment, depending on the facts revealed

22 during discovery.

23         ***Global Force Direct's statement***:  Autodesk's assertion that Global Force Direct

24 improperly filed its Administrative Motion to Stay lacks merit.  The Court denied the motion on

25 June 13, 2014, and instructed the parties to brief the "discovery, service, and jurisdiction issues"

26 in this Statement.  Docket No. 27, 1:18.

27         Global Force Direct reserves its right to file any dispositive or other motions, as revealed

28 to be necessary or appropriate by discovery.

5.     **AMENDMENT OF PLEADINGS**

*Autodesk's statement*:  Autodesk currently does not anticipate amending the pleadings, but reserves the right to so if necessary.  Autodesk proposes that the deadline for any such amendment be October 15, 2014.

*Global Force Direct's statement*:  Global Force Direct intends to amend its Answer as of right, prior to the June 28, 2014 deadline set by Federal Rule of Civil Procedure 15.  After that amendment, Global Force Direct anticipates no further amended pleadings, but reserves the right to amend if necessary.  Global Force Direct does not oppose setting October 15, 2014 as the deadline for such amendments.

6.     **EVIDENCE PRESERVATION**

*Joint statement*:   The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and counsel for Autodesk and Global Force Direct met and conferred on June 2, 2014 under Rule 26(f) of the Federal Rules of Civil Procedure.  Autodesk and Global Force Direct each confirm that they have taken reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7.     **DISCLOSURES**

*Joint statement*:   The parties will exchange Initial Disclosures on June 17, 2014, as required by the Court's March 27, 2014 order.  (Dkt. No. 7.)

8.     **DISCOVERY**

*Joint statement*:   Autodesk and Global Force Direct have met and conferred regarding a proposed stipulated protective order and e-discovery.  Autodesk has agreed to prepare the first draft of the protective order, and the parties are continuing to discuss e-discovery issues.

The parties anticipate that discovery will encompass the factual and legal issues in each party's statement in Sections 2 and 3 above, the requested relief in Section 11 below, and related issues.  The parties currently have not identified any discovery disputes.  The parties do not

1    propose any limitations or modifications to the discovery rules, except as concern depositions.

2    For depositions, the parties propose that:

3    • The side taking a deposition requiring an interpreter shall hire an official
          interpreter. The other side may hire its/their own interpreter to verify the
4          translation by the official interpreter.

5    • Depositions under Rule 30 of the Federal Rules of Civil Procedure shall be
          limited to eighty (80) hours per side, but not limited to ten (10) depositions
6          under Rule 30(a)(2)(A)(i).

7    • An individual's deposition shall be limited to seven (7) hours.

8    • Individual and Rule 30(b)(6) depositions count against the total time, but third
          party and expert depositions do not.
9
10   • Depositions requiring an interpreter count as half time.

11   **9.    CLASS ACTIONS**

12       This is not a class action.

13   **10.    RELATED CASES**

14       *Autodesk's statement*:   As discussed in Section 2, Autodesk previously initiated

15   summary proceedings before the Hague District Court in the Netherlands on February 18, 2014.

16   Those proceedings concluded with a May 14, 2014 judgment obligating ZWSOFT to deposit its

17   source code, including build and mastering scripts and third party binary components and

18   libraries, with the Beijing office of Alvarez & Marsal Consulting ("the Alvarez firm"). A hard

19   disk drive was deposited with the Alvarez firm on June 6, 2014.

20       No proceedings currently are pending in the Netherlands or any other forum.

21       *Global Force Direct's statement*:  Global Force Direct was not, and is not, a party to the

22   proceedings in China or the Netherlands.  Global Force Direct reserves the right to present

23   evidence and argument that a new or revived proceeding in either foreign jurisdiction may be

24   more suitable for resolving the dispute between these parties, should such evidence present itself.

25   **11.    RELIEF**

26       *Autodesk's statement*:   Autodesk seeks the relief requested in its Complaint, including:

27   • Entry of judgment holding Defendants liable for infringing Autodesk's copyrights;

28

- An order preliminarily and permanently enjoining Defendants and any other persons or entities acting in concert with Defendants from engaging in future acts of infringement, contributory infringement, or induced infringement of Autodesk's copyrights in its AutoCAD platform, including by prohibiting Defendants from offering, utilizing, and/or distributing ZWCAD+ platform that was derived from Autodesk's source code;

- Entry of judgment holding Defendants liable for misappropriating Autodesk's trade secrets;

- An order preliminarily and permanently enjoining Defendants and any other persons or entities acting in concert with Defendants from further misappropriation of trade secrets including its proprietary source code;

- An order that all copies made or used in violation of Autodesk's copyrights or trade secrets, and all means by which such copies may be reproduced, be impounded and destroyed or otherwise reasonably disposed of;

- Damages adequate to compensate Autodesk for Defendants' acts of copyright infringement and trade secret misappropriation, including actual and exemplary damages, lost profits, infringer's profits, or damages based on a reasonable royalty in amounts to be proven at trial;

- Damages for unjust enrichment based on Defendants' profits attributable to their wrongful acts;

- An award of Autodesk's attorneys' fees, costs of suit, and pre-judgment and post-judgment interest; and

- Any available legal or equitable relief that the court may deem proper.

***Global Force Direct's statement***:

Global Force Direct seeks the following relief in its Answer:

A.      That Plaintiff takes nothing by way of its Complaint; for judgment on behalf of Global Force Direct and against Plaintiff;

B.      For Global Force Direct's reasonable attorney's fees and costs incurred in defending against Plaintiff's Complaint and any and all causes of action therein; and

C.      For such other and further relief as the Court deems just and proper.

**12.    SETTLEMENT & ADR**

Autodesk and Global Force Direct have agreed to proceed with a settlement conference before a magistrate judge.  A conference call with the ADR unit was held on June 13, 2014.  The parties and the ADR staff agreed to conduct the next conference on September 15, 2014.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Autodesk and Global Force Direct have consented to Judge Laporte as the presiding judge for all further proceedings in this case, including trial and entry of judgment, with the appeal to be taken directly to the Ninth Circuit.

**14.    OTHER REFERENCES**

This case is unsuitable for reference to binding mediation, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

Autodesk and Global Force Direct currently have no proposals to narrow the issues.

**16.    NARROWING OF ISSUES**

The parties do not agree to handling via the Expedited Trial Procedure of General Order 64, Attachment A.

**17.    SCHEDULING**

|  |  |
|---|---|
| Last day to amend pleadings without leave of court | Oct. 15, 2014 |
| Fact discovery close | Jan. 30, 2015 |
| Expert disclosures (both parties) | Feb. 13, 2015 |
| Rebuttal disclosures (both parties) | Mar. 6, 2015 |
| Expert discovery close | Apr. 3, 2015 |
| Deadline for filing summary judgment motions | Apr. 10, 2015 |
| Deadline for hearing summary judgment motions | May 15, 2015 |
| Pretrial filings | June 12, 2015 |

| | |
|---|---|
| Motions in limine & objections to evidence | June 19, 2015 |
| Oppositions to motions in limine & objections to evidence | June 26, 2015 |
| Pretrial conference | July 2, 2015 |
| Trial | July 17, 2015 |

**18.    TRIAL**

Autodesk expects that a jury trial in this action would take seven to ten days.

**19.        DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

*Joint statement*:   Autodesk filed its Certification of Interested Entities or Persons under Civil Local Rule 3-16 on March 26, 2014.  Global Force Direct filed its Certification on June 6, 2014.  The parties certify that there are no other parties to identify under Civil Local Rule 3-16.

Dated:  June 17, 2014

MORRISON & FOERSTER LLP                    NASSIRI & JUNG LLP


By: */s/ Michael A. Jacobs*                     By: */s/ Kenneth M. Walczak*

  MICHAEL A. JACOBS                           CHARLES H. JUNG
  RICHARD S.J. HUNG                           KENNETH M. WALCZAK

  Attorneys for AUTODESK, INC.                 Attorneys for GLOBAL FORCE DIRECT, LLC

1

**ATTESTATION OF E-FILED SIGNATURE**

2

3          I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this

   Joint Case Management Statement.  In compliance with General Order 45, X.B., I hereby attest

4
   that Kenneth M. Walczak has concurred in this filing.

5

6  Dated:  June 17, 2014                          */s/ Michael A. Jacobs*
                                                   Michael A. Jacobs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28