1   CHARLES H. JUNG (217909)
    (charles@njfirm.com)
2   KENNETH M. WALCZAK (247389)
    (ken@njfirm.com)
3   NASSIRI & JUNG LLP
    47 Kearny Street, Suite 700
4   San Francisco, California  94108
    Telephone: (415) 762-3100
5   Facsimile: (415) 534-3200

6
    ATTORNEYS FOR DEFENDANT GLOBAL FORCE DIRECT, LLC
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  AUTODESK, INC.,                    ) Case No. 3:14-cv-01409-EDL
                                       )
12              Plaintiff,             )
                                       )
13        v.                           ) **DEFENDANT GLOBAL FORCE**
                                       ) **DIRECT, LLC'S AMENDED ANSWER**
14                                     ) **TO PLAINTIFF'S COMPLAINT**
    ZWCAD SOFTWARE CO., LTD.,          )
15  ZWCAD DESIGN CO., LTD., and        ) JURY TRIAL DEMANDED
    GLOBAL FORCE DIRECT, LLC. (doing   )
16  business as ZWCADUSA),             ) Fed. R. Civ. P. 15
                                       )
17              Defendants.            )
                                       )
18                                     )
                                       )
19  _____ )

20

21

22

23

24

25

26

27

28

---

DEFENDANT GLOBAL FORCE DIRECT, LLC'S                    3:14-cv-01409-EDL
AMENDED ANSWER TO COMPLAINT

1    Pursuant to Federal Rule of Civil Procedure 15(a)(1), Defendant Global Force Direct,

2  LLC ("Global Force Direct"), submits the following Amended Answer to Plaintiff

3  Autodesk, Inc. ("Autodesk")'s Complaint.

4    Except as expressly admitted herein, Global Force Direct denies any and all material

5  allegations in the Complaint.

6    <u>**RESPONSES TO ALLEGATIONS IN COMPLAINT**</u>

7    1.    The allegations in paragraph 1 do not describe, concern, or relate to Global

8  Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a

9  belief about their truth, and on that basis denies them.

10    2.    The allegations in paragraph 2 do not describe, concern, or relate to Global

11  Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a

12  belief about the truth of the allegations in Paragraph 2, and on that basis denies them.

13    3.    The allegations in paragraph 3 do not describe, concern, or relate to Global

14  Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a

15  belief about the truth of the allegations in Paragraph 3, and on that basis denies them.

16    4.    Global Force Direct admits that it does business as "ZwcadUSA"; and that it

17  has offices at 268 Merriam Street, Weston, Massachusetts 02493.  Global Force Direct sells

18  licenses to download executable applications from third-party websites.  Global Force

19  Direct does not access, modify, or distribute executable files or source code of any kind.

20  While the licenses Global Force Direct sells may result in the "distribution" of software in

21  the lay sense of that term, Global Force Direct denies that it meets the legal definition of a

22  publisher or distributor under the Copyright Act.

23    5.    Global Force Direct admits that this Court has subject matter jurisdiction

24  over this case.  By so admitting, Global Force Direct does not waive its right to seek a

25  transfer including under 28 U.S.C. § 1404 and/or stay of proceedings in this Court, to allow

26  resolution of Plaintiff's claims and allegations in another forum.  For example, Global Force

27  Direct is informed that a court proceeding may be commenced or revived in China or the

28

Netherlands, involving similar or identical parties and allegations.  Except as so expressly admitted, Global Force Direct denies the allegations in paragraph 5.

6.      Global Force Direct denies the allegations in paragraph 6, including the assertion that Global Force Direct has minimum contacts with the forum sufficient for this Court to assert personal jurisdiction.

7.      Global Force Direct denies that venue is proper in this Court, because Plaintiff has not established that Global Fore Direct has minimum contacts with the forum sufficient for this Court to assert personal jurisdiction.  Global Force Direct preserves its right to seek a transfer and/or stay of proceedings in this Court, to allow resolution of Plaintiff's claims and allegations in another forum.  For example, Global Force Direct is informed that a court proceeding may be commenced or revived in China or the Netherlands, involving similar or identical parties and allegations.  Global Force Direct denies the remaining allegations in paragraph 7.

8.      Global Force Direct admits that this is an Intellectual Property Action.

9.      Global Force Direct admits that CAD software is used in design applications by architects, engineers, manufacturers, and others; and that CAD software allows users to create and document their designs and visualize, simulate, and analyze real-world performance early in the design process by creating digital prototypes.

10.      The allegations in paragraph 10 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10, and on that basis denies them.

11.      The allegations in paragraph 11 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and on that basis denies them.

12.      The allegations in paragraph 12 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and on that basis denies them.

13.     The allegations in paragraph 13 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and on that basis denies them.

14.     The allegations in paragraph 14 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and on that basis denies them.

15.     The allegations in paragraph 15 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and on that basis denies them.

16.     Global Force Direct admits that ZWSOFT released its first CAD product, ZWCAD 1.0, in 2002; and that subsequent ZWSOFT products include ZWCAD 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012 and ZWCAD+ 2012 and 2014. Global Force Direct denies that ZWSOFT's ZWCAD and ZWCAD+ products directly compete with Autodesk's AutoCAD products as CAD programs for the digital media industry.  The remaining allegations in paragraph 16 are not directed at Global Force Direct, and Global Force Direct lacks knowledge or information sufficient to form a belief about their truth.  On that basis, Global Force Direct denies the remaining allegations.

17.     Global Force Direct admits that the quotations from press releases dated April 28, 2010 and December 3, 2010 in paragraph 17 are accurate.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17, and on that basis denies those allegations.

18.     The allegations in paragraph 18 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and on that basis denies them.

19.     Global Force Direct admits that in 2012, ZWSOFT announced that it would transition to an entirely new codebase called "ZWCAD+."  Global Force Direct lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19, and on that basis denies those allegations.

20.      Global Force Direct admits the allegations in paragraph 20.

21.      Global Force Direct denies that the phrase "[t]he [a]lternative that [o]ffers the [c]losest AutoCAD [e]xperience" appears on the website zwcadusa.com.  The remaining allegations in paragraph 21 do not describe, concern, or relate to Global Force Direct. Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21, and on that basis denies them.

22.      The allegations in paragraph 22 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and on that basis denies them.

23.      The allegations in paragraph 23 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and on that basis denies them.

24.      The allegations in paragraph 24 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and on that basis denies them.

25.      The allegations in paragraph 25 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and on that basis denies them.

26.      The allegations in paragraph 26 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and on that basis denies them.

27.      The allegations in paragraph 27 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and on that basis denies them.

28.     The allegations in paragraph 28 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and on that basis denies them.

29.     The allegations in paragraph 29 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and on that basis denies them.

30.     The allegations in paragraph 30 do not describe, concern, or relate to Global Force Direct.  Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and on that basis denies them.

31.     Global Force Direct sells licenses to download executable applications from third-party websites.  Global Force Direct does not access, modify, or distribute executable files or source code of any kind.  While the licenses Global Force Direct sells may result in the "distribution" of software in the lay sense of that term, Global Force Direct denies that it meets the legal definition of a publisher or distributor under the Copyright Act.  Global Force Direct denies the remaining allegations in paragraph 31.

32.     Global Force Direct incorporates by reference its responses to each and every allegation, as set forth in Paragraphs 1 through 31 above, as if fully set forth herein.

33.     Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and on that basis denies those allegations.

34.     Global Force Direct denies the allegations in paragraph 34.

35.     Global Force Direct denies the allegations in paragraph 35.

36.     Global Force Direct denies the allegations in paragraph 36.

37.     Global Force Direct denies the allegations in paragraph 37.

38.     Global Force Direct denies the allegations in paragraph 38.

39.     Global Force Direct denies the allegations in paragraph 39.

40.     Global Force Direct denies the allegations in paragraph 40.

41.     Global Force Direct incorporates by reference its responses to each and every allegation, as set forth in Paragraphs 1 through 27 above, as if fully set forth herein.

42.     Global Force Direct lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and on that basis denies those allegations.

43.     Global Force Direct denies the allegations in paragraph 43.

44.     Global Force Direct denies the allegations in paragraph 44.

45.     Global Force Direct denies the allegations in paragraph 45.

46.     Global Force Direct denies the allegations in paragraph 46.

47.     Global Force Direct denies the allegations in paragraph 47.

48.     Global Force Direct denies the allegations in paragraph 48.

## ADDITIONAL DEFENSES

Global Force Direct states the following additional defenses to the Complaint.  By designating the following as additional defenses, Global Force Direct does not admit any of the allegations in the Complaint, assume the burden of proof as to any of these defenses, or waive or limit any defenses which are or may be raised by the denials, allegations, and averments set forth herein.

## FIRST ADDITIONAL DEFENSE
### (Failure to State a Claim)

The Complaint and each claim alleged therein fails to state a valid claim for relief.

## SECOND ADDITIONAL DEFENSE
### (Statutes of Limitations)

Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitation.

## THIRD ADDITIONAL DEFENSE
### (Noninfringement)

Plaintiff's first cause of action, for copyright infringement and violation of 17 U.S.C. § 501, is barred in whole or in part because Global Force Direct did not directly,

vicariously, indirectly, or otherwise infringe Autodesk's copyright(s). Global Force Direct sells licenses to download software from third-party websites. It does not have knowledge of or access to, and has never had knowledge of or access to, ZWCAD or Autodesk source code.

## FOURTH ADDITIONAL DEFENSE
### (No Injunctive Relief)

Plaintiff's claims for equitable relief are barred because there has been no copyright infringement or trade secret misappropriation, and because there is no reasonable likelihood that any alleged violation will be repeated. Global Force Direct does not have knowledge of or access to, and has never had knowledge of or access to, ZWCAD or Autodesk source code.

Plaintiff's claims for injunctive relief are further barred because the adverse effects of an injunction far outweigh any benefit from an injunction.

## FIFTH ADDITIONAL DEFENSE
### (Authorized Use/License)

Plaintiff's first cause of action, for copyright infringement and violation of 17 U.S.C. § 501, is barred in whole or in part because the copying and access alleged to be infringing are or were impliedly or expressly authorized or licensed.

## SIXTH ADDITIONAL DEFENSE
### (Lack of Ownership)

Plaintiff's first cause of action, for copyright infringement and violation of 17 U.S.C. § 501, is barred in whole or in part because Autodesk does not hold the right, title, or exclusive license to the copyright(s) alleged to be infringed.

## SEVENTH ADDITIONAL DEFENSE
### (Lack of a Valid Registration)

Plaintiff's first cause of action, for copyright infringement and violation of 17 U.S.C. § 501, is barred in whole or in part because Autodesk does not have a valid registration.

1

### EIGHTH ADDITIONAL DEFENSE
### (Waiver, Estoppel, and Laches)

2

3      Plaintiff's claims, in whole or in part, are barred by the doctrines of waiver, estoppel

4 and laches.

5

### NINTH ADDITIONAL DEFENSE
### (Bad Faith)

6

7      Plaintiff's two causes of action against Global Force Direct are brought in bad faith

8 within the meaning of California Civil Code section 3426.4.  Global Force Direct does not

9 have knowledge of or access to, and has never had knowledge of or access to, ZWCAD or

10 Autodesk source code.

11

### TENTH ADDITIONAL DEFENSE
### (Unclean Hands)

12

13      Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

14

### ELEVENTH ADDITIONAL DEFENSE
### (Failure to Mitigate)

15

16      Plaintiff's recovery is limited or barred due to its failure to mitigate damages, if any.

17

### TWELFTH ADDITIONAL DEFENSE
### (Fair Use)

18

19      Plaintiff's assertions including, for example, that because ZWCAD has a similar

20 command set to AutoCAD that ZWCAD has infringed Autodesk's copyright is barred by

21 the doctrine of fair use.

22

### THIRTEENTH ADDITIONAL DEFENSE
### (Non-Copyrightable Subject Matter)

23

24      Plaintiff's assertions, including, for example, that ZWCAD has similar methods of

25 operation to AutoCAD fails to state a claim upon which relief can be granted, because

26 methods of operation are not copyrightable subject matter.

27

28

1
2

## FOURTEENTH ADDITIONAL DEFENSE
### (Innocent Infringement)

3       Plaintiff's claims and/or requested relief are barred, in whole or part, because the

4    alleged infringement, if any, was innocent.

5
6

## FIFTEENTH ADDITIONAL DEFENSE
### (Preemption)

7       To the extent that Plaintiff's claims seek relief under state law, they are preempted by

8    17 U.S.C. § 301.

9
10

## SIXTEENTH ADDITIONAL DEFENSE
### (Failure to Timely Register Works)

11       Plaintiff's claims to statutory damages and attorney's fees are barred in whole or in

12    part by its failure to timely register the material in question.

13
14

## SEVENTEENTH ADDITIONAL DEFENSE
### (*De Minimis* Use)

15       Plaintiff's claims are barred, in whole or part, because Defendants' use, if any, of

16    Plaintiff's copyrighted works has been *de minimis*.

17
18

## EIGHTEENTH ADDITIONAL DEFENSE
### (Misuse)

19       Plaintiff's claims are barred, in whole or part, by the doctrine of copyright misuse.

20
21

## NINETEENTH ADDITIONAL DEFENSE
### (Innocence)

22       Plaintiff's claims and/or requested relief are barred, in whole or part, because the

23    alleged infringement, if any, was innocent.

24
25

## TWENTIETH ADDITIONAL DEFENSE
### (Indispensable Parties)

26       Plaintiff has failed to name or join all necessary and indispensable parties.

27
28

## TWENTY-FIRST ADDITIONAL DEFENSE
### (Due Process and Excessive Fine)

Any award of statutory damages against ZWCAD would be unconstitutional as violating the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## FURTHER DEFENSES

Global Force Direct presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses. Accordingly, Global Force Direct reserves the right to assert other defenses that may become available or apparent, as this action proceeds up to and including the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Global Force Direct prays for the following relief:

A.  That Plaintiff takes nothing by way of his Complaint; for judgment on behalf of Global Force Direct and against Plaintiff;

B.  For Global Force Direct's reasonable attorney's fees and costs incurred in defending against Plaintiff's Complaint and any and all causes of action therein; and

C.  For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Global Force Direct hereby demands a trial by jury of all issues so triable.

Dated:  June 23, 2014                    NASSIRI & JUNG LLP


                                         s/ Kenneth Walczak
                                         Kenneth M. Walczak
                                         ATTORNEYS FOR DEFENDANT
                                         GLOBAL FORCE DIRECT, LLC