1    MICHAEL A. JACOBS (CA SBN 111664)
     mjacobs@mofo.com
2    RICHARD S.J. HUNG (CA SBN 197425)
     rhung@mofo.com
3    MORRISON & FOERSTER LLP
     425 Market Street
4    San Francisco, California  94105-2482
     Telephone:    (415) 268-7000
5    Facsimile:    (415) 268-7522

6    Attorneys for Plaintiff AUTODESK, INC.

7

8                **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   AUTODESK, INC., | Case No.14-cv-1409-EJD |
| 12          Plaintiff, | **DECLARATION OF HUI ZHANG IN** |
| 13      v. | **SUPPORT OF AUTODESK, INC.'S OPPOSITION TO ZWSOFT'S** |
| 14   ZWCAD SOFTWARE CO., LTD., ZWCAD | **MOTION TO ADOPT THE HAGUE CONVENTION TO OBTAIN** |
| 15   DESIGN CO., LTD., HK ZWCAD SOFTWARE LTD., and GLOBAL FORCE DIRECT, LLC. | **FOREIGN DISCOVERY, OR IN THE ALTERNATIVE, TO MODIFY THE** |
| 16   d/b/a ZWCADUSA, | **PROTECTIVE ORDER TO AVOID** |
| 17          Defendants. | **CONFLICTS WITH FOREIGN LAW** |
| 18 | Date:    February 10, 2015 |
| 19 | Time:    10:00 a.m. Judge:    Hon. Paul S. Grewal |
| 20 | Courtroom: 5 |

21

22

23

24

25

26

27

28

I, Hui Zhang, declare as follows:

1.      I am an attorney at law at the Chinese intellectual property boutique law firm of ZY Partners in Beijing.

2.      As an attorney, I have handled a wide variety of intellectual property matters for multinational clients.  Before entering private practice, I was an intellectual property judge on the Supreme People's Court of the People's Republic of China.  My curriculum vitae is attached hereto as Exhibit 1.

3.      I submit this declaration in support of Autodesk's, Inc.'s Opposition to Defendants ZWCAD Software Co., Ltd. and ZWCAD Design Co., Ltd.'s (together "ZWSOFT") Motion to Adopt the Hague Convention to Obtain Foreign Discovery, or in the Alternative, to Modify the Protective Order to Avoid Conflicts with Foreign Law.

4.      I have been asked to discuss: (1) the process under which the Chinese court system executes a letter of request from a foreign court under the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"); (2) aspects of Chinese State Secret Law that may be relevant to the case at bar; and (3) aspects of Chinese privacy regulations that may be relevant to the instant case.

5.      As a Chinese lawyer and a former judge, I am familiar with the Chinese legal system and courts, statutes, case law, and authorities.  In preparing this declaration I have examined, among other documents, ZWSOFT's Motion to Adopt the Hague Convention to Obtain Foreign Discovery, or in the Alternative, to Modify the Protective Order to Avoid Conflicts with Foreign Law (Dkt. No. 52) ("ZWSOFT's Brief").

6.      If called as a witness, I could and would testify competently as follows.

**The Hague Evidence Convention**

7.      Pursuant to Article 23 of the Hague Evidence Convention, China has declared that it will execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents from common law countries, but it may require production of only such documents as are directly and closely related to the subject matter of the litigation.

8.      According to a guideline issued by the Supreme People's Court of the People's Republic of China in 2013 ("Supreme People's Court"), a Letter of Request from a foreign court would be passed from the Supreme People's Court to the appropriate regional high court, or a higher people's court, then to the local court.  Designated personnel at each court may review the Letter of Request and determine whether it can be properly executed under Chinese law, the Hague Evidence Convention, and related treaties.

9.      Once the potentially responsive documents are collected, the presiding judge at the local court, as well as designated personnel at the local court, the regional high court, and the Supreme People's Court, will review them and determine (1) whether the contents of the documents conform to the requirements of the letter of request; (2) whether there are materials clearly indicating a security classification; (3) whether disclosure would harm sovereign interest or security and whether the documents contain state secrets or trade secrets; (4) whether the materials provided comply with the formal requirements as set out in the Civil Procedure Law and relevant judicial interpretations; and (5) whether other matters warranting review are examined.

**Chinese State Secret Law**

10.      Chinese law does not prohibit the disclosure of source code developed by Chinese companies outside of China.  Chinese law also does not prohibit the disclosure of such source code in a foreign court.

11.      Similarly, there is no broad prohibition against exporting documents relating to "science and technology."

12.      An exception is that, if a document or information involves state secrets, the Chinese government must preapprove disclosure.

13.      To qualify as a state secret, ZWSOFT's source code must have been designated as such by the National Administration of State Secrets or other competent Chinese government agencies.

14.      Normally, the only documents that are deemed to contain state secrets are those prepared by government agencies or are related to a government-funded project.

ZHANG DECL. IN SUPP. OF AUTODESK, INC.'S OPP'N TO ZWSOFT'S MOT. TO ADOPT THE HAGUE CONVENTION OR TO MODIFY THE PROTECTIVE ORDER
Case No. 14-cv-1409-EJD
dc-782385

2

15.     Given that ZWCAD+ was developed by ZWSOFT, a private company, for private business purposes, it is highly unlikely that the source code contains state secrets.  Moreover, I am not aware of any cases in which CAD software or documents relating to CAD software have been found to contain state secrets.

16.     I am not aware of any incidents in which a Chinese company was prosecuted for producing source code or relevant documents to its American opposing party during discovery.

17.     The *Xue Feng* case involved purchasing and exporting of data on China's oil industry.  Xue Feng was accused of illegal spying and collecting state secrets.

18.     Xue Feng allegedly received documents on geological conditions of onshore oil wells and a database that gave the coordinates of more than 30,000 oil and gas wells belonging to China National Petroleum Corporation, a government-owned company, and its listed subsidiary PetroChina Ltd.  Xue Feng then allegedly sold the information to a U.S. energy company.

**Chinese Privacy Regulations**

19.     China does not currently have a comprehensive legal framework to regulate the use and disclosure of personal data.

20.     *The Decision on Strengthening Protection of Online Information* is a civil and/or administrative law, focusing on illegally obtaining, purchasing, or disclosing personal data.  This regulation is not applicable here because I am not aware of any incidents where producing information during discovery under the supervision of a foreign court was deemed illegal.

21.     *The Information Technology Security Guideline for Personal Information Protection Within Information Systems for Public and Commercial Services* is a non-binding guideline issued by the General Administration of Quality Supervision, Inspection and Quarantine and Standardization Administration of the People's Republic of China.  I am not aware of anything suggesting that this guideline should be followed in document production for litigation.

22.     The *Peter Humphrey* case concerned tactics used to obtain personal information, such as household records and cell phone usage information.

23.     Peter Humphrey and his wife were accused of illegally purchasing, selling, and providing personal information about citizens while conducting background checks and internal investigations for their corporate clients.  Humphrey was prosecuted for illegally obtaining citizens' personal data.

**********

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct.  Executed on January 15, 2015, at Beijing, People's Republic of China.

Dated: January 16, 2015

By:/s/ *Hui Zhang*
Hui Zhang

1

## **ATTESTATION**

2      I, Richard S.J. Hung, am the ECF User whose ID and password are being used to file this

3 document.  I hereby attest that Hui Zhang concurs in this filing.

4

5 Dated:  January 16, 2015                             /s/ *Richard S.J. Hung*

6                                                                    Richard S.J. Hung

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28