LAEL D. ANDARA (SBN 217909)
BROCK R. LYLE (SBN 242690)
MARIE E SOBIESKI (SBN 278008)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA 94063-2052
Telephone:    (650) 364-8200
Facsimile:    (650) 780-1701
Email:        lael.andara@rmkb.com
              brock.lyle@rmkb.com
              marie.sobieski@rmkb.com

Attorneys for Defendants
ZWCAD SOFTWARE CO., LTD and
ZWCAD DESIGN CO., LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTODESK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ZWCAD SOFTWARE CO. LTD., ZWCAD DESIGN CO., LTD., HK ZWCAD SOFTWARE LTD., and GLOBAL FORCE DIRECT, LLC. (doing business as ZWCADUSA),<br><br>Defendants. | CASE NO. 5:14-cv-01409-EJD<br><br>**MOTION FOR CLARIFICATION OF COURT'S ORDER OF MARCH 27, 2015 REGARDING THE APPLICATION OF RULE 34 TO FOREIGN LITIGANTS**<br><br>Date:           May 12, 2015<br>Time:           10:00 a.m.<br>Courtroom:      5 |

**NOTICE OF MOTION**

Defendant ZWCAD Software Co., Ltd., ZWCAD Design Co., Ltd., and HK ZWCAD Software, Ltd. (collectively, "ZWSoft") hereby give notice that on May 12, 2015 at 10:00 a.m. before the Honorable Judge Paul Singh Grewal in Courtroom 5 of the above-referenced Court located at 280 South 1st Street, San Jose, California, ZWSoft will seek a clarification regarding the Court's Order of March 27, 2015.

This motion is based on this Notice of Motion and Motion, the pleadings on file in this matter, the following Memorandum of Points and Authorities, and any further argument the Court

might allow.

## I. INTRODUCTION

On March 27, 2015, this Court denied Defendant's Motion to Adopt the Hague Convention, or in the Alternative, to Modify the Protective Order ("Defendant's Motion for a Protective Order"). In the Order, the Court states: "even if ZWSoft is correct that the Federal Rules of Civil Procedure authorize the production process outlined in its amended order, this compliance is not sufficient to show that good cause exists for amending the order under Rule 26(c)." Order at 15, lines 12-14. Autodesk, Inc. ("Autodesk") attorney Richard Hung stated in an email to the parties that Autodesk "read the order as requiring that ZWSOFT produce its code and responsive information in the U.S." Autodesk's interpretation[1] of the Court's ruling denies foreign litigants the same right to make documents and information available for inspection as domestic litigants as specified under the Federal Rule for Civil Procedure 34.

There is no confusion that the Court denied ZWSoft's request to amend the current protective order. However, there is uncertainty as to whether the Court's denial of ZWSoft's request was intended to address the issue of foreign inspection or domestic production. Therefore ZWSoft seeks clarification on the Court's March 27 Order. Specifically, under Rule 34, does a foreign defendant have the right to make requested information available for inspection and copying, or does the Court interpret Rule 34 as requiring foreign litigants to produce all information to the forum in the United States where litigation is pending? The requested clarification order will provide the necessary guidance for ZWSoft to determine if it can produce information and documents for inspection and copying in the People's Republic of China (the "PRC"), where it maintains its business and the information is normally stored, or if the information must be brought to the United States for the convenience of Plaintiff Autodesk.

## II. LEGAL CONSIDERATIONS

Federal Rule of Civil Procedure 34 states:

> (a) IN GENERAL. A party may serve on any other party a request

---

[1] ZWSoft does not imply this intent where there has been no discussion or determination as to proportionality, cost shifting, or the distinction between source code and general business records at issue.

within the scope of Rule 26(b):

> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control[…]

FRCP 34(a)(1). Rule 34(b)(2)(E)(i) provides in relevant part that, unless otherwise ordered by the court, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories of the request."

"Rule 34 requires a party to produce *for inspection* tangible evidence; it does not require the party to ship the evidence to the requesting party." *Gerawan Farming, Inc. v. Rehrig Pacific Co.*, No. 1:11-cv-1237 LJO, 2013 WL 1982797 (E.D. Cal. May 13, 2013). In *Menzu v. Morgan State University*, the court explicitly ruled that the "Defendant was not obligated to photocopy the documents and mail them to Plaintiff; Defendant only was obligated to make the documents available to Plaintiff for inspection and copying." *Menzu v. Morgan State University*, 269 F.R.D. 565, 575 (D. MD. 2010).

In *Niagra Duplicator Co. v. Shackleford*, the court found that because the burden of inspection and copying is placed on the moving party under Rule 34, requiring the responding party to bear the expenses of discovery would be an undue burden. *Niagra Duplicator Co. v. Shackleford,* 160 F.2d 25, 26 (D.C. Cir. 1947). The court there held that the responding party could comply with the discovery request by making the materials available for inspection at his office. *Id*. at 27. In *Wultz v. Bank of China, Ltd.*, the Court determined that "[defendant Bank of China] was obligated under the Federal Rules to permit inspection of [requested] documents." *Wultz v. Bank of China, Ltd.*, 910 F. Supp. 2d 548, 560 (S.D.N.Y. 2012).

Further, inspection is appropriate at the place where information is created. *Petro v. Lighting Serv.*, 2009 U.S. Dist. LEXIS 55096 (S.D. Ohio June 29, 2009) (*citing* Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d at §221). Defendants act reasonably when they make relevant documents available for inspection and copying at their place of business. *Verity v. Wells Fargo Bank, N.A.* (*In re Verity*), 2011 Bankr. LEXIS 2792 (Bankr. D.N.J. July 19, 2011)("*Verity*"). The court in *Verity* reasoned that the costs should fall upon plaintiffs, who seek to benefit from the discovery, when releasing the original documents into their custody or bearing

the cost of travel expenses would be unduly burdensome for the defendants. *Id.*

The 2014 Proposed Amendments to the Federal Rules of Civil Procedure from the Advisory Committee have been approved by the Judicial Conference and currently await review by the Supreme Court. These changes add the following clarifying language:

> FRCP 34(b)(2)(B) *Responding to Each Item*. […] The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection.

Such proposed language further evidences the intent of the FRCP is to allow for inspection of documents. As such, Defendant ZWSoft believes it should be allowed to make the documents available for inspection in the PRC where they have been created and stored in the ordinary course of business, as it indicated it would in responding to Autodesk's Request for Production. If Autodesk's assertion is correct, ZWSoft seeks clarification of the Court's intent due to the substantial burden to produce copies of the responsive information in the United States.

Defendants brought the prior motion to apply the Hague Convention, or in the alternative, to set a clear protocol for the review of the documents in the PRC. There was no intent to waive their right to make the information available in the PRC under the provisions of Rule 34. Autodesk asserts, however, that the Order displaces Rule 34's right to make available for inspection and requires the information be produced in the United States.

### III. CONCLUSION

ZWSoft respectfully requests an order from the Court clarifying if a foreign litigant has the right to make the information available for inspection in the place it does business, or if the Court interprets Rule 34 to require foreign litigants to produce all information to the United States forum where the litigation is pending.

Dated: April 1, 2015                ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ Lael D. Andara*
    LAEL D. ANDARA
    BROCK R. LYLE
    MARIE E. SOBIESKI
    Attorneys for Defendants
    ZWCAD SOFTWARE CO., LTD and
    ZWCAD DESIGN CO., LTD