MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
RHung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
AUTODESK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTODESK, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ZWCAD SOFTWARE CO., LTD., ZWCAD DESIGN CO., LTD., HK ZWCAD SOFTWARE LTD., and GLOBAL FORCE DIRECT, LLC. (doing business as ZWCADUSA),<br><br>　　　　　　Defendants. | Case No. 14-cv-1409-EJD<br><br>**AUTODESK'S OPPOSITION TO ZWSOFT'S MOTION FOR CLARIFICATION OF COURT'S, ORDER OF MARCH 27, 2015 REGARDING THE APPLICATION OF RULE 34 TO FOREIGN LITIGANTS**<br><br>Date:　　May 12, 2015<br>Time:　　10:00 a.m.<br>Place:　　Courtroom 5, 4th Floor<br>Judge:　　Hon. Paul S. Grewal |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1
II. STATEMENT OF FACTS ............................................................................................. 1
III. ARGUMENT .................................................................................................................. 2
    A. The Court Should Reject ZWSoft's "Motion for Clarification" as a Procedurally-Flawed Motion for Reconsideration. ................................................ 2
    B. Rule 34 Does Not Justify ZWSoft's Failure to Produce Documents in the United States. ........................................................................................................ 4
IV. CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Gerawan Farming, Inc. v. Rehrig Pacific Co.*,
  No. 1:11-cv-1273 LJO BAM, 2013 WL 1982797 (E.D. Cal. May 13, 2013) .......................... 6

*Mezu v. Morgan State University*,
  269 F.R.D. 565 (D. Md. 2010) ................................................................................................ 5, 6

*Niagara Duplicator Co. v. Shackleford*,
  160 F.2d 25 (D.C. Cir. 1947) ...................................................................................................... 5

*Oppenheimer Fund Inc. v. Sanders*,
  437 U.S. 340 (1978) .................................................................................................................... 4

*Petro v. Lighting Service, Inc.*,
  No. 3:09-cv-037, 2009 U.S. Dist. LEXIS 55096 (S.D. Ohio June 29, 2009) ........................... 6

*Roberts v. Heim*,
  No. C-84-8069 TEH, 1990 U.S. Dist. LEXIS 3398 (N.D. Cal. Mar. 5, 1990) ......................... 4

*Tierno v. Rite Aid Corp.*,
  No. C 05-02520 TEH, 2008 WL 3876131 (N.D. Cal. Aug. 19, 2008) ...................................... 4

*Verity v. Wells Fargo Bank, N.A. (In re Verity)*,
  Nos. 10-0233 and 10-20880 (DHS), 2011 Bankr. LEXIS 2792
  (Bankr. D.N.J. July 19, 2011) .................................................................................................... 6

*Wultz v. Bank of China Ltd.*,
  910 F. Supp. 2d 548 (S.D.N.Y. 2012) ........................................................................................ 5

**RULES**

Fed. R. Civ. P. 34(b)(1) ................................................................................................................. 4

L.R. 7-9 .......................................................................................................................................... 3

## I. INTRODUCTION

Unhappy with the Court's March 27, 2015 refusal to order that source code and electronically stored information ("ESI") be made available for Autodesk's inspection only in China, Defendants ZWCAD Software Co., Ltd., ZWCAD Design Co., Ltd., and HK ZWCAD Software Ltd. ("ZWSoft") filed what is essentially a motion for reconsideration. Rather than follow the local rules for reconsideration motions, ZWSoft called its motion a "Motion for Clarification" and contends that "there is uncertainty as to whether the Court's denial of ZWSoft's request was intended to address the issue of foreign inspection or domestic production." (Dkt. No. 83 at 2.) No uncertainty exists. The Court explicitly "denie[d] ZWSoft's request that the court . . . require examination of its source code and related documents in China." (Dkt. No. 81 at 5-6.) Because the Court has already decided the issue of foreign inspection and Rule 34 does not justify ZWSoft's failure to produce documents in the United States, ZWSoft's procedurally-flawed attempt to re-litigate this issue should be rejected.

## II. STATEMENT OF FACTS

On December 19, 2014, ZWSoft moved for a protective order directing that discovery be conducted under the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters. (Motion Regarding Foreign Discovery (Dkt. No. 52).) ZWSoft alternatively sought an order that its source code and ESI be made available for inspection only in China, and that the parties adopt ZWSoft's amended protective order. (*Id.* at 1, 6.)

While that motion was pending, Autodesk served Requests for Production on ZWSoft, specifying that requested documents be produced for "inspection and copying at the offices of Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105-2482." (*See, e.g.*, Declaration of Richard S.J. Hung in Support of Autodesk's Opposition to Motion for Clarification ("Hung Decl.") Ex. 1 at 2.)

On March 27, 2015, the Court unequivocally "denie[d] ZWSoft's request that the court amend the protective order and require examination of its source code and related documents in China." (Order Denying Motion Regarding Foreign Discovery (Dkt. No. 81) at 5-6.) It held that

1  "ZWSoft has not shown that a genuine risk of liability under Chinese law or other factors justify
2  the additional protective measures it seeks." (*Id.* at 2.)
3      Autodesk immediately contacted ZWSoft to arrange for production. (Hung Decl. Ex. 2.)
4  ZWSoft responded that it would "evaluate filing a Motion for Reconsideration," and asked
5  Autodesk to confirm that it understands the Court's Order to modify "Rule 34's mechanism to
6  make the information available for inspection." (*Id.* at 1.) Autodesk confirmed that the Order
7  does indeed require "ZWSoft [to] produce its code and responsive information in the U.S." (*Id.*)
8  ZWSoft responded by filing a "Motion for Clarification of [the] Court's Order of March 27, 2015
9  Regarding the Application of Rule 34 to Foreign Litigants." (Dkt. No. 83.)
10      After filing its motion, ZWSoft stated that it would make information available for
11  inspection in China—as if the Court had actually ***granted*** its motion to amend the protective order
12  in this case—unless "directed to produce the source code in the United States contrary to FRCP
13  34 which allows to [sic] make the code available for inspection." (Hung Decl. Ex. 3 at 1.) In
14  fact, ZWSoft's motion suggests that it plans to do *less* than its rejected protective order would
15  have required, as it does not intend to export information identified by Autodesk to the United
16  States at all. (*See* Dkt. No. 83 at 3 (arguing that a party is not obligated to ship evidence to the
17  requesting party).)

18  **III.   ARGUMENT**

19      **A.   The Court Should Reject ZWSoft's "Motion for Clarification" as a
        Procedurally-Flawed Motion for Reconsideration.**
20
21      The Court has already considered and decided the issue of foreign inspection vs. domestic
22  production. In deciding ZWSoft's Motion Regarding Foreign Discovery, the Court considered
23  ZWSoft's request for "an order that ZWSoft's source code already deposited in Beijing be made
24  available for inspection only in China" and held that ZWSoft "has not established that inspection
25  of the source code in China is more efficient than production of the source code in the United
26  States." (Dkt. No. 81 at 2, 13.) The Court explained:

27        Requiring Autodesk's attorneys and experts to travel to Beijing every time
          they need to examine the source code would be more burdensome and
28        expensive than sending the source code to the United States. . . .

> ZWSoft has not shown tha[t] a sovereign interest or other factor justifies the additional expense and burden that examination of the source code in China imposes on Autodesk.

(*Id.* at 14.) The Court's Order applies equally to other types of documents and ESI. The Court explained that "ZWSoft's argument that having the data examined by a 'native speaker' in China is less expensive than bringing the data to the United States and translating it before production similarly lacks merit." (*Id.*) The Court continued: "ZWSoft has not met its burden to show that good cause exists under Rule 26(c) to amend the protective order to require ZWSoft to collect and make available its source code and related documents for inspection in China rather [than] produce this data in the United States." (*Id.*) The Court's Order was abundantly clear that ZWSoft must produce responsive documents in the United States.

ZWSoft's "Motion for Clarification" merely rehashes its old arguments from its initial motion. It again argues that Rule 34 allows a responding party "to make information available for inspection rather than produce the information." (Dkt. No. 52 at 19; Dkt. No. 71 at 4; Dkt. No. 83 at 3.) It again cites *Petro v. Lighting Service, Inc.* and *Verity v. Wells Fargo Bank, N.A.* for the proposition that "inspection [is] appropriate at the place where [information is] created." (Dkt. No. 52 at 20; Dkt. No. 83 at 3.) It even repeats, *verbatim*, that "[t]he court [in *Niagara Duplicator Co. v. Shackleford*] held that the responding party could comply with the discovery request by making the materials available for inspection at his office." (Dkt. No. 52 at 19; Dkt. No. 83 at 3.)

The Local Rules prohibit ZWSoft from raising these same arguments again. *See* L.R. 7-9(c) (prohibiting a party from repeating, in any motion for leave to file a motion for reconsideration, any "written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered").

Even if ZWSoft had new arguments, the Local Rules prohibit it from noticing a motion for reconsideration without first obtaining leave of Court to file the motion. L.R. 7-9(a). ZWSoft is well aware of this requirement; it filed a Motion for Leave to File Motion for Reconsideration regarding the Court's order denying its request to appoint a neutral third-party expert. (*See* Dkt.

No. 78.)  And it apparently recognized that its current motion is a "Motion for Reconsideration." (*See* Hung Decl. Ex. 2 at 1.)  Yet ZWSoft did not seek leave.  Its attempt to circumvent the leave requirement, by styling its motion as a "Motion for Clarification," should be rejected—along with its attempt to re-litigate an issue this Court has already decided.

### B. Rule 34 Does Not Justify ZWSoft's Failure to Produce Documents in the United States.

Foreign parties routinely produce documents in the United States under protective orders like the one in this case.  ZWSoft provides no support for its assertion that Rule 34 permits it to make documents available for inspection in a foreign country, where doing so would impose an undue burden on the requesting party without reducing the burden on the producing party.

Rule 34 permits a requesting party to "specify the form or forms in which electronically stored information is to be produced" and requires that party to "specify a reasonable time, place, and manner for the inspection and for performing the related acts."  Fed. R. Civ. P. 34(b)(1).  A trial court has discretion to order a party to produce its records to another party during discovery—especially where inspection would impose an undue burden on the requesting party. *See Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 WL 3876131, at *2 (N.D. Cal. Aug. 19, 2008) (ordering defendant to produce documents in a "place convenient to Plaintiff's counsel" where inspection at defendant's home offices would have been unduly burdensome); *Roberts v. Heim*, No. C-84-8069 TEH, 1990 U.S. Dist. LEXIS 3398, at *29 (N.D. Cal. Mar. 5, 1990) (ordering Swiss defendant to produced documents in San Francisco).  The Court has already done so.

ZWSoft now argues, in passing, that there is a "substantial burden to produce copies of responsive information in the United States." (Dkt. No. 83 at 4.)  But it does not even attempt to support its assertion.  Nor could it.  As Autodesk has already explained, producing documents in the United States would impose minimal additional burden on ZWSoft.  The primary cost of

1   production in the United States would be that of shipping hard drives to San Francisco. (Dkt. No.

2   68 at 11.) ZWSoft does not dispute that doing so "is almost free." (Dkt. No. 71 at 8.)[1]

3   In contrast, inspection in China would impose an undue burden on Autodesk. As the

4   Court has already found, "[r]equiring Autodesk's attorneys and experts to travel to Beijing every

5   time they need to examine the source code would be more burdensome and expensive than

6   sending the source code to the United States." (Dkt. No. 81 at 14; *see also* Dkt. No. 68 at 11

7   ("[i]t would be astronomically expensive to require Autodesk attorneys to travel to Beijing every

8   time they want to review the production set").) Because inspection in China would be unduly

9   burdensome for Autodesk while production in the United States would impose no undue burden

10  on ZWSoft, the Court's Order that ZWSoft must produce documents in the United States is

11  completely consistent with Rule 34.

12  None of the cases ZWSoft cites suggest otherwise. For example, *Wultz v. Bank of China*

13  *Ltd.*, 910 F. Supp. 2d 548 (S.D.N.Y. 2012) involved a motion to compel the production of

14  documents from the Bank of China. The court had issued a Letter of Request under the Hague

15  Convention to the PRC, but received no response for more than thirteen months. *Id.* at 551.

16  After confirming, as did this Court, that discovery under the Hague Convention is too slow to be

17  an effective alternative to the Federal Rules of Civil Procedure (Dkt. No. 81 at 12), the court

18  evaluated the good faith prong of *Aérospatiale*. The court concluded that the Bank of China's

19  failure to produce documents **located in New York** was not justified by the fact that some of the

20  plaintiff's requests were overboard. *Wultz*, 910 F. Supp. 2d at 560. The court did not consider

21  whether—let alone decide that—foreign inspection is permissible *in lieu* of domestic production.

22  *Niagara Duplicator Co. v. Shackleford*, 160 F.2d 25 (D.C. Cir. 1947), and *Mezu v.*

23  *Morgan State University*, 269 F.R.D. 565 (D. Md. 2010) suggest that inspection is appropriate

24  only when production would impose an unreasonable burden on the producing party. In *Niagara*

25  *Duplicator*, the court held that inspection was appropriate because it was "impossible to segregate

---

[1] While "the presumption is that the responding party must bear the expense of complying with discovery requests," *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 358 (1978), Autodesk would be willing to bear the costs of shipping drives containing responsive documents to the United States, to the extent that the Court finds such costs unduly burdensome.

the [relevant] records . . . without materially and seriously interfering with the conduct of [the producing party's] general business operations." 160 F.2d at 27. In *Mezu*, the plaintiff requested that the defendant mail photocopies of documents to it. The court found that, "[i]f Defendant did not want to photocopy the documents, it should have . . . objected to the form of production that Plaintiff requested as unreasonable." 269 F.R.D. at 575. Here, ZWSoft has not argued—and cannot argue—that it is impossible to segregate the relevant records, and the Court has already rejected its argument that production in the United States would impose an unreasonable burden.

Finally, *Petro v. Lighting Service, Inc.*, No. 3:09-cv-037, 2009 U.S. Dist. LEXIS 55096 (S.D. Ohio June 29, 2009), *Verity v. Wells Fargo Bank, N.A. (In re Verity)*, Nos. 10-0233 and 10-20880 (DHS), 2011 Bankr. LEXIS 2792 (Bankr. D.N.J. July 19, 2011), and *Gerawan Farming, Inc. v. Rehrig Pacific Co.*, No. 1:11-cv-1273 LJO BAM, 2013 WL 1982797 (E.D. Cal. May 13, 2013) actually support Autodesk's position. They confirm that inspection is appropriate only when it is offered in a ***reasonable*** location. In *Petro*, the court held that it was "reasonable" to make the documents available for inspection in Twinsburg, Ohio, where the plaintiff's counsel's office was in Middletown, Ohio. 2009 U.S. Dist. LEXIS 55096, at *4-5. In *Verity*, the court noted that "[r]eleasing the original documents into the Plaintiffs' custody or bearing the cost of travel expenses would be unduly burdensome for the Defendants," and held that the defendants' offer to provide the documents in a "convenient location"—less than fifteen miles from the plaintiffs' counsel's offices—was "reasonable." 2011 Bankr. LEXIS 2792, at *13. Similarly, in *Gerawan Farming*, the court held that "the time, place and manner set by Defendant for inspection of [sample products] were reasonable." 2013 WL 1982797, at *3. Here, ZWSoft's proffered location is ***not*** reasonable. As the Court has already held, "[r]equiring Autodesk's attorneys and experts to travel to Beijing every time they need to examine the source code would be more burdensome and expensive than sending the source code to the United States." (Dkt. No. 81 at 14.)

The cases that ZWSoft cites confirm that inspection *in lieu* of production is appropriate only where inspection would reduce the burden on the producing party without unduly burdening

the requesting party. As the Court has already found, that is not the case here. Accordingly, the Court's Order that ZWSoft is required to produce documents in the United States should stand.

### IV. CONCLUSION

ZWSoft's request for "clarification" is meritless. The Court has already explicitly denied ZWSoft's request to require examination of documents in China, ZWSoft has failed to follow the requisite procedures for a motion for reconsideration, and Rule 34 does not justify ZWSoft's failure to produce documents in the United States. For these reasons, the Court should reject ZWSoft's "Motion to Clarify."

Dated: April 10, 2015

MICHAEL A. JACOBS
RICHARD S.J. HUNG
MORRISON & FOERSTER LLP

By: */s/ Richard S.J. Hung*
RICHARD S.J. HUNG

Attorneys for Plaintiff
AUTODESK, INC.