MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:   (415) 268-7000
Facsimile:    (415) 268-7522

Attorneys for Plaintiff
AUTODESK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTODESK, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZWCAD SOFTWARE CO., LTD., ZWCAD DESIGN CO., LTD., HK ZWCAD SOFTWARE LTD., and GLOBAL FORCE DIRECT, LLC. d/b/a ZWCADUSA,<br><br>　　　　　Defendants. | Case No. 14-cv-01409-EJD<br><br>**AUTODESK'S MOTION TO COMPEL PRODUCTION AND FOR INJUNCTIVE RELIEF**<br><br>Date:　　　May 19, 2015<br>Time:　　　10:00 a.m.<br>Place:　　　Courtroom 5, 4th Floor<br>Judge:　　　Hon. Paul S. Grewal |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on Tuesday, May 19, 2015, at 10:00 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Plaintiff Autodesk, Inc. ("Autodesk") shall and hereby does move the Court for an order compelling Defendants ZWCAD Software Co., Ltd., ZWCAD Design Co., Ltd., and HK ZWCAD Software Ltd. (collectively, "ZWSoft") to produce all documents concerning a whistle blower, Mr. X,[1] and all documents relating to copying AutoCAD source code and for an order to enjoin ZWSoft from retaliating against Mr. X for voluntarily providing evidence for use in this litigation under the Stipulated Protective Order ("Protective Order"), Dkt. No. 34.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting Declaration of Richard Hung and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

# RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37, Autodesk seeks an order compelling ZWSoft to produce (1) all communications (including future communications) with Mr. X about the subject matter of this lawsuit, (2) all documents relating to Mr. X's employment at ZWSoft, including, but not limited to, the scope of his duties, his role in developing ZWCAD+, and all documents concerning ZWCAD+ generated or modified by him, including source code, and (3) all documents relating to copying AutoCAD source code. Autodesk also seeks an order to enjoin ZWSoft from retaliating against Mr. X for voluntarily providing evidence for use in this litigation under the Protective Order, or against Autodesk or its counsel for using such evidence.

---

[1] Due to the witness's concerns about potential retaliation, Autodesk refers to the former employee as "Mr. X" rather than by name.

AUTODESK'S MOTION TO COMPEL PRODUCTION AND FOR INJUNCTIVE RELIEF
CASE NO. 14-CV-01409-EJD
sf-3523810

i

## AUTODESK'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Autodesk's discovery requests to ZWSoft relating to discrete categories of highly-relevant documents that are the subject of this motion are set forth in full below, with corresponding objections and responses immediately following:

**First Set of Requests for Production, Request No. 15:**

Produce all documents responsive to a request reciprocal to ZWCAD SOFTWARE CO., LTD.'s Request for Production No. 15: To the extent not otherwise produced in response to the preceding requests, all documents and things that support any alleged copying of AutoCAD products by ZWSOFT in your possession or control.

**Response to Request for Production No. 15:**

Responding Party objects to the extent that this request seeks documents that are subject to a legal privilege or immunity. Responding Party further objects to the extent that said request seeks an overbroad and burdensome search of all company documents without any scope or time limitations. Responding Party further objects to the extent that said request may be duplicative of other requests. This request does not appear to be reciprocal to ZWSOFT's Request No. 15 because ZWSOFT has not made any allegations of copying to date. Consequently, Responding Party will not make available for inspection documents in response to this request. Responding party has repeatedly indicated that it does not believe that there has been any copying of Autodesk source code.

**First Set of Requests for Production, Request No. 30:**

Produce all documents responsive to a request reciprocal to ZWCAD SOFTWARE CO., LTD.'s Request for Production No. 30: All communications with any current or former employee(s) of ZWCAD SOFTWARE CO., LTD. or ZWCAD DESIGN CO., LTD in your possession or control.

**Response to Request for Production No. 30:**

Responding Party objects to the extent that this request seeks documents that are subject to a legal privilege or immunity. Responding Party further objects to the extent that said request seeks an overbroad and burdensome search of all company documents without any scope or time

1  limitations.  Responding Party further objects to the extent that said request may be duplicative of
2  other requests.  This request does not appear to be reciprocal to ZWSOFT's Request No. 30
3  because it seeks all correspondence with all of ZWSOFT's employees or former employees, not
4  Autodesk's employees or former employees.  Responding Party cannot respond to this request
5  without clarification as to what specific employees and specific communications are sought.
6  Responding party further objects as there is no limitation as to time, and all communications with
7  past employees of the company are clearly outside the scope of relevant information for purposes
8  of this litigation.

9  **Second Set of Requests for Production, Request No. 52:**

10  Documents sufficient to identify all developers, programmers, project leaders, project
11  managers, project administrators, consultants, experts, contractors, vendors, and others involved
12  in the development of ZWCAD+ or ZWCAD and each of their roles.

13  **Response to Request for Production No. 52:**

14  Responding Party objects to the extent that this request seeks documents that are subject
15  to a legal privilege or immunity.  Responding Party further objects to the extent that said request
16  seeks an overbroad and burdensome search of all company documents without any scope or time
17  limitations.  Responding Party also objects on the basis of privacy.  Responding party will not
18  generate information or reports to the extent they do not exist that are responsive to this request.

19  Responding Party will conduct a reasonably limited search for information relating to this
20  request and will make available relevant non-privileged documents responsive to the reasonable
21  scope of this request for inspection.  Responding party has referenced third-party CAD products
22  and developers in its interrogatory responses, and will make similar information available for
23  inspection.

24  **Second Set of Requests for Production, Request No. 53:**

25  Documents relating to the architecture and coding of ZWCAD and ZWCAD+, including
26  all documents, software, and source code ZWSOFT referenced when coding ZWCAD and
27  ZWCAD+.

28

**Response to Request for Production No. 53:**

Responding Party objects to the extent that this request seeks documents that are subject to a legal privilege or immunity. Responding Party further objects to the extent that said request seeks an overbroad and burdensome search of all company documents without any scope or time limitations. Responding Party also objects on the basis of privacy. Responding party has previously responded to request for source code and those objections and statements are incorporated by reference. Notwithstanding the foregoing, Responding Party responds as follows:

Responding Party will conduct a reasonably limited search for information relating to this request and will make available relevant non-privileged information responsive to the reasonable scope of this request for inspection. Responding party has referenced third-party CAD products and developers in its interrogatory responses, and will make similar information available for inspection.

**Second Set of Requests for Production, Request No. 55:**

All documents relating to AutoCAD.

**Response to Request for Production No. 55:**

Responding Party objects to the extent that this request seeks documents that are subject to a legal privilege or immunity. Responding Party further objects to the extent that said request seeks an overbroad and burdensome search of all company documents without any scope or time limitations. Responding Party also objects on the grounds that this information is equally available to Plaintiff. This request appears to seek all documents relating to AutoCAD from any source during any time period for any version of AutoCAD, which is so overbroad that Responding Party cannot reasonably discern what documents are being sought. As referenced in previous responses, responding party is attempting to identify and make available information that references Autodesk or AutoCAD.

**AUTODESK'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

Autodesk hereby certifies that it has in good faith conferred with ZWSoft in an effort to obtain the discovery described immediately above without court action. Autodesk's efforts to

1  resolve this discovery dispute without court intervention are described in the Declaration of
2  Richard S.J. Hung in Support of Autodesk's Motion to Compel Production and for Injunctive
3  Relief and exhibits attached thereto, submitted concurrently herewith.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 2

III. ARGUMENT .................................................................................................................. 3

    A. ZWSoft's Communications with Mr. X Are Relevant, Responsive, and Should Be Produced Immediately ...................................................................... 4

    B. Documents Relating to the Scope of Mr. X's Duties and His Role in Developing ZWCAD+ Are Relevant, Responsive, and Should Be Produced Immediately ....................................................................................... 5

        1. Documents Sufficient to Identify Mr. X and His Role Must Be Produced ................................................................................................. 5

        2. ZWSoft Should Also Produce Documents Relating to AutoCAD Source Code or Any Other Source Code ZWSoft Referenced When Developing ZWCAD+ ............................................................................. 6

    C. ZWSoft Should Be Enjoined from Retaliating Against Mr. X, Autodesk, or Its Counsel ............................................................................................................. 8

IV. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Data East USA, Inc. v. EPYX, Inc.*,
　862 F.2d 204 (9th Cir. 1988)............................................................................................... 5

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*
　803 F. Supp. 2d 469 (E.D. Va. 2011).................................................................................. 8

*In re JDS Uniphase Corp. Sec. Litig.*,
　238 F. Supp. 2d 1127 (N.D. Cal. 2002) .............................................................................. 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This is a motion to prevent ZWSoft from suppressing potentially critical evidence from its former employee who says he knows and can help prove that ZWSoft copied Autodesk's AutoCAD source code.

In March 2015, a man identifying himself as a former ZWSoft employee contacted Autodesk. He claimed he was a ZWCAD+ project manager and that he could help prove ZWSoft copied Autodesk source code. He said he is willing to provide this information to Autodesk, but is frightened of reprisals. He also said he is concerned that ZWSoft would sue him for theft of trade secrets and breach of his non-disclosure agreement if he helps Autodesk.

On April 2, 2015, at Autodesk's request, counsel for the parties met and conferred about Mr. X and other issues. ZWSoft's counsel indicated that they were already aware of Mr. X, because he had already contacted them about this case. ZWSoft confirmed that Mr. X is a former employee.

It is difficult to conceive of information more relevant than the existence of a former ZWSoft programmer who claims to have information about ZWSoft's copying of Autodesk's proprietary source code. Yet ZWSoft has produced no documents relating to Mr. X. On the contrary, ZWSoft's discovery responses categorically deny copying.

Autodesk moves to compel ZWSoft immediately to produce *all* communications (including future communications) with Mr. X about the subject matter of this suit as well as all documents relating to his employment at ZWSoft, including the scope of his duties, his role in developing ZWCAD+, all documents relating to ZWCAD+ generated or modified by him, including source code, and all documents relating to copying AutoCAD source code. Such documents are plainly responsive to Autodesk's document requests and highly relevant to Autodesk's claims.

Autodesk also requests that the Court enjoin ZWSoft from retaliating against Mr. X if he voluntarily provides evidence for use in this litigation, subject to the terms of the Protective Order, or against Autodesk for using such evidence. ZWSoft has no legitimate right to retaliate,

1 and such conduct would be akin to spoliation of evidence.

2    **II.    BACKGROUND**

3    On March 16, 2015, Autodesk's Chinese subsidiary received a message through
4 "WeChat," an Internet messaging service popular in China.  (Declaration of Richard Hung in
5 Support of Motion to Compel Production and for Injunctive Relief ("Hung Decl.") ¶ 3.)  The
6 message said the writer "was a project manager in ZWCAD" and that he had "evidence that
7 ZWCAD copied AutoCAD source code . . . ."  (*Id.*)  The writer also provided a phone number.

8    To verify his identity, on March 18, a member of Autodesk's China-based team contacted
9 the writer by phone.  (Hung Decl. ¶ 4.)  He said he joined ZWSoft in March 2009 and worked for
10 the company until November 2014.  According to Mr. X, ZWSoft's Wuhan R&D Center
11 developed its ZWCAD+ platform based heavily on Autodesk's source code.  Mr. X also indicated
12 that he would like to discuss the matter with Autodesk's U.S. technical team.  (*Id.*)

13    On March 19, 2015, Autodesk followed up with an email thanking Mr. X for coming
14 forward and promising to put a member of its U.S. technical team in touch with him.  (Hung
15 Decl. ¶ 5, Ex. A.)  Mr. X responded by email that he felt "confused" and concerned about the
16 impact that cooperating with Autodesk might have on his career.  (*Id.*)  He also asked to be
17 compensated for his assistance.  He claimed further that he had photos of core ZWCAD+
18 software modules that would prove copying.  (*Id.*)  Autodesk did not respond immediately.

19    On March 23, 2015, Mr. X sent an email to Autodesk with attachments that he claimed
20 depicted "source code for the class interface for displaying data management, a part of
21 [AutoCAD] display core module."  (Hung Decl. ¶ 6, Ex. B.)  Responding to both the March 19
22 and March 23 emails, Autodesk responded that it would respect any confidentiality obligations
23 Mr. X may have with ZWSoft and that it could not compensate him for his information.  (Hung
24 Decl. ¶ 7, Ex. C.)  Autodesk offered to compensate Mr. X at his customary consulting rate for
25 time spent meeting with Autodesk representatives.  (*Id.*)  In an abundance of caution, Autodesk
26 decided not to review the attachments that Mr. X sent before raising the issue with ZWSoft
27 counsel.  (Hung Decl. ¶ 8.)  As of the date of this motion, neither Autodesk nor its counsel has
28 reviewed the attachments Mr. X sent.  (*Id.*)

Mr. X replied by email proposing to conduct a Skype conference and requesting compensation of $20,000 per meeting. (Hung Decl. ¶ 9, Ex. D.) Autodesk responded on March 25 that it would compensate Mr. X only at a reasonable consulting rate of $100-200 per hour for time spent meeting with attorneys. (Hung Decl. ¶ 10, Ex. E.) In response, Mr. X indicated his information "could potentially destroy a company" and in that context his price was reasonable. (*Id*.) Autodesk responded that American laws and attorney ethics preclude it from paying for testimony or information. (*Id*., Ex. F.) Autodesk reiterated its willingness to pay a reasonable rate for time spent speaking with its attorneys. (*Id.*) Mr. X replied that he would not be able to take time off to meet and that he could communicate only via email. (*Id.*)

On April 2, 2015, Autodesk's counsel called ZWSoft's counsel to inform them that a whistleblower had come forward. (Hung Decl. ¶ 11.) Autodesk asked for assurance that ZWSoft would not retaliate against the whistleblower for providing information to Autodesk's attorneys for use in litigation, or against Autodesk for using such information. (*Id*.) ZWSoft counsel revealed that ZWSoft was already aware of the whistleblower, and reported that he had already sent ZWSoft copies of his communications with Autodesk. (Hung Decl. ¶ 12, Ex. G.) ZWSoft's counsel confirmed that Mr. X is a former ZWSoft employee. (*Id*.) ZWSoft's position was that Mr. X could not cooperate with Autodesk voluntarily but only under subpoena. (*Id*.) ZWSoft suggested that Mr. X's cooperation otherwise might violate ZWSoft's trade secrets and allow it to pursue claims against him. (*Id*.)

### III. ARGUMENT

ZWSoft should be ordered immediately to produce all of its communications with Mr. X and all documents relating to his employment at ZWSoft. In addition, ZWSoft should be enjoined from retaliating against Mr. X for cooperating with Autodesk voluntarily. Because Mr. X is a Chinese citizen who is located in China, Autodesk has no practical way to compel Mr. X to provide evidence. If Mr. X cannot cooperate voluntarily, any information he may have will be lost to this litigation.

### A. ZWSoft's Communications with Mr. X Are Relevant, Responsive, and Should Be Produced Immediately

ZWSoft's communications with Mr. X are responsive to several Autodesk document requests, including the following:

**Request for Production No. 15:**

Produce all documents responsive to a request reciprocal to ZWCAD SOFTWARE CO., LTD.'s Request for Production No. 15: To the extent not otherwise produced in response to the preceding requests, all documents and things that support any alleged copying of AutoCAD products by ZWSOFT in your possession or control.

**Response to Request for Production No. 15:**

Responding Party objects to the extent that this request seeks documents that are subject to a legal privilege or immunity. Responding Party further objects to the extent that said request seeks an overbroad and burdensome search of all company documents without any scope or time limitations. Responding Party further objects to the extent that said request may be duplicative of other requests. This request does not appear to be reciprocal to ZWSOFT's Request No. 15 because ZWSOFT has not made any allegations of copying to date. Consequently, Responding Party will not make available for inspection documents in response to this request. Responding party has repeatedly indicated that it does not believe that there has been any copying of Autodesk source code.

…

**Request for Production No. 30:**

Produce all documents responsive to a request reciprocal to ZWCAD SOFTWARE CO., LTD.'s Request for Production No. 30: All communications with any current or former employee(s) of ZWCAD SOFTWARE CO., LTD. or ZWCAD DESIGN CO., LTD in your possession or control.

**Response to Request for Production No. 30:**

Responding Party objects to the extent that this request seeks documents that are subject to a legal privilege or immunity. Responding Party further objects to the extent that said request seeks an overbroad and burdensome search of all company documents without any scope or time limitations. Responding Party further objects to the extent that said request may be duplicative of other requests. This request does not appear to be reciprocal to ZWSOFT's Request No. 30 because it seeks all correspondence with all of ZWSOFT's employees or former employees, not Autodesk's employees or former employees. Responding Party cannot respond to this request without clarification as to what specific employees and specific

> communications are sought. Responding party further objects as there is no limitation as to time, and all communications with past employees of the company are clearly outside the scope of relevant information for purposes of this litigation.

(Hung Decl. Ex. H at 12-13, 19.)

Autodesk characterized Requests 15 and 30 as "reciprocal" to ZWSoft's Requests 15 and 30 because they are copied verbatim from ZWSoft's Requests 15 and 30 served on Autodesk on January 27.

Responding to ZWSoft's objections:

- Communications between ZWSoft and Mr. X are not privileged. Neither is acting as counsel to the other. Their interests are adverse, as Mr. X purports to want to reveal ZWSoft's copying and ZWSoft apparently wants to stop Mr. X from doing so.

- ZWSoft's concerns about over-breadth do not apply to this motion because Autodesk is seeking production of communications with only one employee—Mr. X.

ZWSoft's claim that "it does not believe there has been any copying of Autodesk source code" is not a proper objection to a discovery request. (Hung Decl. Ex. H at 13.) Autodesk is entitled to discover facts that would disprove ZWSoft's professed "belief" about its own conduct.

ZWSoft's communications with Mr. X are clearly relevant. Autodesk must prove that ZWSoft copied AutoCAD code. *See Data East USA, Inc. v. EPYX, Inc.*, 862 F.2d 204, 206 (9th Cir. 1988) (holding that to prevail on the claim of copyright, the plaintiff must prove "copying" by the defendant of the copyrighted work). Mr. X says that he and others at ZWSoft copied AutoCAD code.

### B. Documents Relating to the Scope of Mr. X's Duties and His Role in Developing ZWCAD+ Are Relevant, Responsive, and Should Be Produced Immediately

Documents relating to the scope of Mr. X's duties at ZWSoft, including his role in developing ZWCAD+, are also responsive to several Autodesk document requests.

#### 1. Documents Sufficient to Identify Mr. X and His Role Must Be Produced

Autodesk requested documents sufficient to identify "all developers, programmers, project leaders, [and] project managers" who were "involved in the development of ZWCAD+" and "each of their roles." (Hung Decl. Ex. I at 8.)

**Request for Production No. 52:**

Documents sufficient to identify all developers, programmers, project leaders, project managers, project administrators, consultants, experts, contractors, vendors, and others involved in the development of ZWCAD+ or ZWCAD and each of their roles.

**Response to Request for Production No. 52:**

Responding Party objects to the extent that this request seeks documents that are subject to a legal privilege or immunity. Responding Party further objects to the extent that said request seeks an overbroad and burdensome search of all company documents without any scope or time limitations. Responding Party also objects on the basis of privacy. Responding party will not generate information or reports to the extent they do not exist that are responsive to this request.
Responding Party will conduct a reasonably limited search for information relating to this request and will make available relevant non-privileged documents responsive to the reasonable scope of this request for inspection. Responding party has referenced third-party CAD products and developers in its interrogatory responses, and will make similar information available for inspection.

(*Id.*)

Responding to ZWSoft's objections:

- Documents identifying Mr. X and his role in developing ZWCAD+ would not be privileged.

- ZWSoft's concerns about over-breadth do not apply to this motion because Autodesk is seeking production of documents relating to a single employee who has already come forward and identified himself as having been involved in developing ZWCAD+.

- "[P]rivacy" is not a sufficient basis to refuse to provide discovery. Moreover, the Court has already considered and rejected ZWSoft's attempt to deny Autodesk discovery on the basis of Chinese privacy laws. Even if there were a privacy basis to withhold discovery, it would not apply to a person like Mr. X who voluntarily came forward to identify himself to Autodesk.

There is no basis for ZWSoft to continue to delay producing documents sufficient to identify Mr. X and his role in developing ZWCAD+. He has already identified himself as a ZWCAD+ "project manager" who would fall within the scope of this request. (Hung Decl. ¶ 3.)

**2. ZWSoft Should Also Produce Documents Relating to AutoCAD Source Code or Any Other Source Code ZWSoft Referenced When Developing ZWCAD+**

Mr. X says that as a ZWCAD+ project manager, he was witness to ZWSoft developing

ZWCAD+ based "heavily" on Autodesk's source code. (Hung Decl. ¶ 4.) Autodesk has already requested documents relating to any source code that ZWSoft relied on when developing ZWCAD+, specifically including AutoCAD source code.

**Request for Production No. 53:**

Documents relating to the architecture and coding of ZWCAD and ZWCAD+, including all documents, software, and source code ZWSOFT referenced when coding ZWCAD and ZWCAD+.

**Response to Request for Production No. 53:**

Responding Party objects to the extent that this request seeks documents that are subject to a legal privilege or immunity. Responding Party further objects to the extent that said request seeks an overbroad and burdensome search of all company documents without any scope or time limitations. Responding Party also objects on the basis of privacy. Responding party has previously responded to request for source code and those objections and statements are incorporated by reference. Notwithstanding the foregoing, Responding Party responds as follows:
Responding Party will conduct a reasonably limited search for information relating to this request and will make available relevant non-privileged information responsive to the reasonable scope of this request for inspection. Responding party has referenced third-party CAD products and developers in its interrogatory responses, and will make similar information available for inspection.

…

**Request for Production No. 55:**

All documents relating to AutoCAD.

**Response to Request for Production No. 55:**

Responding Party objects to the extent that this request seeks documents that are subject to a legal privilege or immunity. Responding Party further objects to the extent that said request seeks an overbroad and burdensome search of all company documents without any scope or time limitations. Responding Party also objects on the grounds that this information is equally available to Plaintiff. This request appears to seek all documents relating to AutoCAD from any source during any time period for any version of AutoCAD, which is so overbroad that Responding Party cannot reasonably discern what documents are being sought. As referenced in previous responses, responding party is attempting to identify and make available information that references Autodesk or AutoCAD.

(Hung Decl. Ex. I at 8-10.)

Responding to ZWSoft's objections:

- Autodesk seeks technical documents relating to the code ZWSoft copied when it created ZWCAD+. Such documents would not be privileged.

- Mr. X's statement that ZWCAD+ was heavily based on AutoCAD source code confirms the allegations of Autodesk's Amended Complaint. All documents relating to such copying are central to this action. The importance of such documents far outweighs the burden on ZWSoft to find and produce them.

- There is no "privacy" basis to withhold evidence of source code copying.

- Evidence of ZWSoft's copying AutoCAD source code is not "equally available" to Autodesk from other sources.

If ZWSoft has documents that prove that Mr. X and others on the ZWCAD+ team copied AutoCAD source code, it must produce them immediately.

### C. ZWSoft Should Be Enjoined from Retaliating Against Mr. X, Autodesk, or Its Counsel

The Court should prevent ZWSoft from retaliating against Mr. X for voluntarily cooperating with Autodesk, or against Autodesk for using any evidence he may provide. First, ZWSoft has no legitimate interest in precluding Mr. X from providing evidence to Autodesk's counsel. Such evidence will be subject to the protective order, and accordingly it will be used only for purposes of this case. Mr. X's proposed disclosures pose no greater risk to ZWSoft's "trade secrets" than the source code production the Court has already ordered ZWSoft to make. Moreover, that ZWSoft copied AutoCAD source code is not a legitimate "trade secret."

Second, ZWSoft's attempt to interfere with Mr. X providing relevant evidence to Autodesk is akin to spoliation of evidence. Had Mr. X voluntarily written down his statements and sent them to ZWSoft, it could not destroy or withhold them from discovery. The penalty for intentionally destroying or suppressing such evidence would be very severe. *See*, *e.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 509-10 (E.D. Va. 2011) (holding that plaintiff manufacturer was entitled to its attorneys' fees and costs from moving for sanctions as well as an adverse inference instruction regarding spoliation because the record established intentional and bad faith deletion of relevant files and email by key employees after suit was filed). ZWSoft should not be permitted to accomplish the same result by preventing

Mr. X from making any such statements in the first instance. To do so would be a grave affront to this Court and the discovery process.

Third, a company cannot use a confidentiality agreement to "chill former employees from voluntarily participating in legitimate investigations into [its] alleged wrongdoing." *In re JDS Uniphase Corp. Sec. Lit.*, 238 F. Supp. 2d 1127, 1137 (N.D. Cal. 2002) (confidentiality agreement did not preclude witnesses from voluntarily providing confidential information to plaintiff attorneys for limited purpose of use in litigation).

ZWSoft claims that if Autodesk were to subpoena Mr. X, ZWSoft would not retaliate. Autodesk has no practical means of doing that, however, because Mr. X lives in China and refuses to travel.[2] In addition, such formalism makes no sense when the witness is willing to cooperate. It makes no difference to ZWSoft whether the information is provided voluntarily. ZWSoft's only purpose is to erect a barrier to discovery that Autodesk cannot overcome.

Autodesk does not ask the Court to bar *all* potential claims against Mr. X. If ZWSoft has a claim against Mr. X that is not based on him providing information to Autodesk's counsel for use in litigation, then ZWSoft could still pursue such a claim.

Autodesk requests only the relief necessary to protect the fact finding process of this Court. If Mr. X has provided or in the future provides information or documentary evidence to Autodesk for use in this litigation, Autodesk's counsel must be permitted to review and use that evidence and information in accordance with the protective order. ZWSoft should not be allowed to pursue claims against Mr. X, Autodesk, or its counsel as a result of that.

**IV. CONCLUSION**

For the foregoing reasons, Autodesk asks that the Court order ZWSoft to produce immediately: (1) all communications (including future communications) with Mr. X about the subject matter of this suit, (2) all documents relating to Mr. X's employment at ZWSoft, including but not limited to, the scope of his duties, his role in developing ZWCAD+, and all documents concerning ZWCAD+ generated or modified by him, including source code, and

---

[2] As this Court has acknowledged, the Hague Convention procedures are not likely to prove effective. (Dkt. No. 81 at 11.)

1 | (3) all documents relating to copying AutoCAD source code.  Autodesk also asks the Court to
2 | enjoin ZWSoft from retaliating against Mr. X for voluntarily providing evidence for use in this
3 | litigation under the Protective Order, or against Autodesk or its counsel for using such evidence.

Dated:  April 10, 2015

MICHAEL A. JACOBS
RICHARD S.J. HUNG
MORRISON & FOERSTER LLP

By: /s/ *Richard S.J. Hung*
  RICHARD S.J. HUNG

Attorneys for Plaintiff
AUTODESK, INC.