UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUTODESK, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ZWCAD SOFTWARE CO. LTD., et al., <br><br>  Defendants. | Case No. 5:14-cv-01409-EJD <br><br> **ORDER DENYING MOTION TO APPOINT NEUTRAL EXPERT OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER, GRANTING CROSS-MOTION TO COMPEL AND GRANTING-IN-PART MOTION TO COMPEL PRODUCTION AND FOR INJUNCTIVE RELIEF** <br><br> **(Re: Docket Nos. 82, 85, 87)** |

Defendants ZWCAD Software Co., Ltd., ZWCAD Design Co., Ltd. and HK ZWCAD Software Ltd.[1] move to appoint a neutral expert to narrow the scope of the code that must ultimately be produced to Plaintiff Autodesk, Inc. Autodesk cross-moves to compel production of ZWSoft's source code in whole and separately moves to compel production of documents related to a former ZWCAD Software Co., Ltd. employee, Mr. Zou. Autodesk also seeks an order prohibiting ZWSoft from pursuing any claims against Zou as a result of his cooperation with Autodesk. The motion to appoint neutral expert or in the alternative motion for protective order is

---

[1] The court will refer to these defendants collectively as ZWSoft.

1
Case No.: 5:14-cv-01409-EJD
ORDER DENYING MOTION TO APPOINT NEUTRAL EXPERT OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER, GRANTING CROSS-MOTION TO COMPEL AND GRANTING-IN-PART MOTION TO COMPEL PRODUCTION AND FOR INJUNCTIVE RELIEF

DENIED, Autodesk's cross-motion to compel source code is GRANTED and Autodesk's motion to compel production and for injunctive relief is GRANTED-IN-PART.

**I.**

Autodesk provides computer-aided design software that "create[s] digital models and workflows that allow visualization, simulation and analysis of designs before implementation."[2] AutoCAD is Autodesk's "flagship product" and largest revenue-generating product.[3] Autodesk alleges that ZWSoft engaged in wholesale copying of "large portions of Autodesk source code" in order to create its software program ZWCAD+.[4]

In 2014, Autodesk filed this suit for copyright infringement and trade secret misappropriation. Among the various disputes in the case thus far has been whether ZWSoft needs to produce documents—particularly source code—outside of China. This court previously ordered ZWSoft to produce code in the United States, finding a potential conflict with Chinese law insufficient to justify the burden and expense of limiting production to on-site inspection in China.[5]

About a year into the litigation, upon learning of this lawsuit, Zou—a former ZWCAD Software Co., Ltd. employee—contacted Autodesk, claiming that he was a ZWCAD+ project manager and that he could help prove ZWSoft copied Autodesk source code.[6] Zou has expressed concern to Autodesk that ZWSoft might sue him for theft of trade secrets and breach of his non-disclosure agreement if he helps Autodesk.[7]

---

[2] *See* Docket No. 62 at ¶ 1.

[3] *See id.* at ¶¶ 12, 15.

[4] *See id.* at ¶¶ 21-24.

[5] *See* Docket No. 81.

[6] *See* Docket No. 87 at 1.

[7] *See id.*

2
Case No.: 5:14-cv-01409-EJD
ORDER DENYING MOTION TO APPOINT NEUTRAL EXPERT OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER, GRANTING CROSS-MOTION TO COMPEL AND GRANTING-IN-PART MOTION TO COMPEL PRODUCTION AND FOR INJUNCTIVE RELIEF

ZWSoft spins the story slightly differently. According to ZWSoft, Zou is a former employee who reached out to Autodesk only after he tried and failed to get a higher bonus from ZWSoft.[8] Specifically, ZWSoft contends that Zou threatened to sell ZWSoft's trade secret information to Autodesk if he did not receive a substantial sum of money.[9] From ZWSoft's perspective, Zou is a disgruntled former employee looking for a way to make a quick buck and harm his former employer.

**II.**

This court has jurisdiction under 28 U.S.C. § 1332. This motion was referred to the undersigned pursuant to Civ. L. R. 72-1.[10]

**III.**

ZWSoft asks this court to appoint a neutral third-party expert to review and compare the AutoCAD and ZWCAD+ source code to determine which, if any, lines of code are identical or substantially similar. Ultimately, ZWSoft looks to limit the scope of source code that the parties exchange in order to "minimize the risk of disclosure of source code not at issue."[11] Fed. R. Evid. 706(a) allows a court to "appoint any expert witnesses agreed upon by the parties . . . [or] of its own selection."[12] ZWSoft couples this provision with Fed. R. Civ. P. 26(c), which allows the court to protect parties from "undue burden or expense" by ordering "that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way."[13] But the remedy that ZWSoft suggests does not properly fall within

---

[8] *See* Docket No. 93.

[9] *See id.*

[10] *See* Docket No. 80.

[11] Docket No. 82 at 3.

[12] Fed. R. Evid. 706(a).

[13] Fed. R. Civ. P. 26(c).

3
Case No.: 5:14-cv-01409-EJD
ORDER DENYING MOTION TO APPOINT NEUTRAL EXPERT OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER, GRANTING CROSS-MOTION TO COMPEL AND GRANTING-IN-PART MOTION TO COMPEL PRODUCTION AND FOR INJUNCTIVE RELIEF

the bounds of either rule. Neutral experts typically offer their opinions only after they have taken into account the opinions of the parties' experts.[14] Here, ZWSoft seeks an expert that would evaluate the source code and whittle down what information each party's appointed expert would be able to consider. Notably, ZWSoft cites no authority that even suggests a Rule 706 expert be used in such a manner.

The real question here is one of Rule 26 scope. Putting aside whether a neutral expert is appropriate at this stage or whether such a remedy can be done in this way, ZWSoft has not provided any persuasive reason why Autodesk is not entitled to the entirety of ZWSoft's source code. ZWSoft argues that Autodesk's complaint is insufficiently pleaded to substantiate its copyright claims. But in light of Judge Davila's recent order denying ZWSoft's motion to dismiss,[15] that claim no longer holds water. This is not a case where Autodesk has vaguely alleged infringement to gain access to ZWSoft's source code.[16] The complaint includes allegations that implicate the source code as a whole.[17] In line with this court's previous ruling as to scope,[18]

---

[14] *See Oracle Am., Inc. v. Google Inc.*, Case No 10-cv-03561, Docket No. 413, at 2 (N.D. Cal. Sept. 9, 2011) (instructing the neutral expert to review each party's expert report and supporting materials and then prepare and submit a separate independent expert report critiquing the reports submitted by parties' experts).

[15] *See* Docket No. 107.

[16] *Cf. Jobscience, Inc. v. CVPartners, Inc.*, Case No. 13-cv-04519, 2014 WL 1724763, at *2 (N.D. Cal. May 1, 2014) ("Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendant's files, and then cleverly specify whatever happens to be there as having been trade secrets stolen from plaintiff.").

[17] *See* Docket No. 62 at ¶¶ 21-33.

[18] *See* Docket No. 81 at 11-12:

> Although "there is evidence that China has honored many judicial requests for documents," this evidence does not negate the risk that "direct and close connection" limitation may not allow for broad enough discovery here. In particular, the Supreme People's Court may limit ZWSoft's production to portions of its source code that directly relate to "common bugs, errors and idiosyncrasies" which Autodesk stated in the complaint even though Autodesk contends that ZWSoft engaged in "wholesale copying of the underlying source code" rather than merely copying the bugs.

4
Case No.: 5:14-cv-01409-EJD
ORDER DENYING MOTION TO APPOINT NEUTRAL EXPERT OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER, GRANTING CROSS-MOTION TO COMPEL AND GRANTING-IN-PART MOTION TO COMPEL PRODUCTION AND FOR INJUNCTIVE RELIEF

Autodesk is entitled to review ZWSoft's source code in toto, without any preliminary review by a neutral expert.

As an alternative to an appointment of a neutral expert, ZWSoft seeks modification to the protective order.  But the modifications ZWSoft seeks have already been rejected by this court.[19]  And there is no reason to change course now.  The protective order already in place prevents disclosure of particular confidential information—including source code—and limits such disclosure to a party's outside counsel and experts.  As such, there are adequate protections in place to alleviate ZWSoft's concerns and ZWSoft does not put forth any additional good cause requiring amendment.  Furthermore, both parties are similarly situated.  Since both parties will exchange their source code simultaneously, both parties are subject to the same potential "risk" that their trade secrets will be improperly disclosed.

By its cross-motion to compel set forth in its opposition, Autodesk seeks immediate production of ZWCAD and ZWCAD+ source code pursuant to its Request for Production No. 49.[20]  ZWSoft's objections to the request are largely grounded in concerns about the proprietary nature of the information and whether ZWSoft should be required to produce the source code in its entirety outside of China.[21]  As the court has now disposed of all of those issues, ZWSoft has no legitimate grounds upon which to refuse production.  Autodesk has represented that its full source code for AutoCAD 2008 is already ready to go.[22]  The parties thus are ordered to exchange source code productions within 21 days.

---

[19] *See* Docket No. 81.

[20] "Complete source and object code of each released version of ZWCAD and ZWCAD+." Docket No. 85-3.

[21] *See id.*

[22] *See* Docket No. 94 at 4.

5
Case No.: 5:14-cv-01409-EJD
ORDER DENYING MOTION TO APPOINT NEUTRAL EXPERT OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER, GRANTING CROSS-MOTION TO COMPEL AND GRANTING-IN-PART MOTION TO COMPEL PRODUCTION AND FOR INJUNCTIVE RELIEF

Autodesk separately moves to compel production of (1) all communications (including future communications) with Zou about the subject matter of this lawsuit, (2) all documents relating to Zou's employment at ZWSoft and (3) all documents relating to copying AutoCAD source code. Autodesk also seeks an order to enjoin ZWSoft from retaliating against Zou for voluntarily providing evidence for use in this litigation under the protective order, or against Autodesk or its counsel for using such evidence.

As to the production issue, ZWSoft has represented that it has already agreed to make all documents relevant to Zou in their possession and control—and thus responsive to the Requests for Production at issue—available for Autodesk's inspection.[23] Thus there is no dispute that the information is discoverable. Consistent with this court's prior order,[24] ZWSoft shall produce documents related to Zou in the United States within 21 days.[25]

As to Zou, each party asks this court to do something it simply cannot do. Autodesk seeks some kind of blanket protection for Zou. ZWSoft asks for an order prohibiting Autodesk from further engaging with Zou. On this record, the court is unwilling to grant either request.

While the court is sympathetic that Autodesk cannot avail itself of a Fed. R. Civ. P. 45 subpoena to obtain testimony for Zou because he is a Chinese citizen residing overseas who refuses to travel to the United States, such are the challenges of international litigation. Neither party can point to any authority that suggests that this court may shield Zou from the threat of litigation—particularly when he is a Chinese citizen residing overseas—or that this court can order a party not to engage with a potential witness. Each party recites a compelling account of how Zou is either a

---

[23] *See* Docket No. 93 at 2.

[24] *See* Docket No. 81.

[25] To be clear, ZWSoft shall produce all documents related to Mr. Zou that are responsive to Autodesk's RFP Nos. 15, 30, 52, 53, 53 and 55.

6
Case No.: 5:14-cv-01409-EJD
ORDER DENYING MOTION TO APPOINT NEUTRAL EXPERT OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER, GRANTING CROSS-MOTION TO COMPEL AND GRANTING-IN-PART MOTION TO COMPEL PRODUCTION AND FOR INJUNCTIVE RELIEF

sympathetic whistleblower or a nefarious extortionist. Either way, at the end of the day, Zou may make his own choice whether to cooperate and live with whatever consequences follow.

**SO ORDERED.**

Dated: May 22, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

7
Case No.: 5:14-cv-01409-EJD
ORDER DENYING MOTION TO APPOINT NEUTRAL EXPERT OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER, GRANTING CROSS-MOTION TO COMPEL AND GRANTING-IN-PART MOTION TO COMPEL PRODUCTION AND FOR INJUNCTIVE RELIEF